ties. In re Hoyt, 160 N. Y. 607, 55 N. E. 282, 48 L. R. A. 126; McLouth v. Hunt, 154 N. Y. 179, 48 N. E. 548, 39 L. R. A. 230.

(32 Misc. Rep. 193.)

In re DE CASTRO'S WILL.

(Surrogate's Court, Suffolk County. July, 1900.)

WILLS—PROBATE—EVIDENCE TO ADMIT—BURDEN OF PROOF.

Where the alleged testatrix had been an invalid for years, and was much enfeebled, and the instructions as to the provisions of the will came from her husband, and there was no evidence that they emanated from deceased, nor that she ever knew of the provisions of the will, or that they expressed her wishes, probate was denied, since the burden of proof was on proponent to show that testatrix had an intelligent knowledge of the contents of the alleged will.

Petition to admit the will of Lulu V. De Castro to probate, to which objections were filed by one of the heirs and next of kin. Probate denied.

George G. Raynor, for proponent.

Theodore D. Dimond, special guardian for Jennie W. Jetter, contestant.

Timothy M. Griffing, special guardian for Madge L. De Castro, a minor.

PETTY, S. The instrument offered for probate as a will was executed by Lulu V. De Castro when she was enfeebled by disease from which she had been a sufferer for many years, and when she was near the close of her life. The instructions as to the provisions of the will were given to the draftsman by her husband, the proponent herein. The evidence does not show that these instructions were given by deceased to her husband, or that she ever read the will, or that it was ever read to her, or that she knew the provisions thereof, or that those provisions expressed her wishes. A will offered for probate must be the will of the testator, and of no one else, and when a testator is ignorant of the contents of the paper propounded it cannot be said to be his will. Proponents are bound to show affirmatively, as a condition of probate, that the testator had an intelligent knowledge of the contents of the will. Barry v. Boyle, 1 Thomp. & C. 422; Townsend v. Bogart, 5 Redf. Sur. 93; Hyatt v. Lunnin, 1 Dem. Sur. 14; Cooper v. Benedict, 3 Dem. Sur. 136; Heath v. Cole, 15 Hun, 100; Jones v. Jones, 42 Hun, 563; In re Green, 67 Hun, 527, 22 N. Y. Supp. 1112.

In Re Sampson (Sur.) N. Y. Law J., June 7, 1891, the court said:

"With the advanced age of the wife, her debilitated condition for years, her inability to plainly express her thoughts in speech, and the fact that the instructions in respect to its provisions had come from the husband, mere proof of formal execution was not sufficient to admit the instrument to probate. It was incumbent upon the proponent to prove to the satisfaction of the court that she understood the provisions of the instrument, and that they expressed her wishes at the time of its execution."

In Rollwagen v. Rollwagen, 63 N. Y. 504, the court of appeals held that where the deceased was shown to have mental capacity, but to have been undoubtedly impaired in mental power, and his will enfeebled by paralysis and disease, a party who offered an instrument for probate as a will must show satisfactorily that it is the will of the alleged testator, and upon this question he has the burden of proof. And in the same case Judge Earl observes: "There must, then, not only be proof of the factum of the will, but also that the mind of the testator accompanied the act, and that the instrument executed speaks his language, and really expresses his will." The proponents have failed by their evidence to satisfy me of these requirements. Under the facts and circumstances of this case, if the proof was clear as to the formal execution and attestation of the will, that would not be sufficient in order for me to admit the instrument to probate. See cases already cited. But the proof as to the execution of this instrument does not satisfy me that it was executed or attested in the manner prescribed by law.

Probate denied.