mann, 65 App. Div. 478, 72 N. Y. Supp. 943; McMullin v. Mackey, 53 Hun, 638, 6 N. Y. Supp. 885.

I have therefore reached the conclusion that this judgment must be reversed, with costs.

Judgment reversed, with costs.

---

(67 Misc. Rep. 329.)

### In re BALDWIN'S WILL.

(Surrogate's Court, Kings County.   April, 1910.)

WILLS (§ 119*)—EXECUTION—PUBLICATION.

As to one witness to a will drawn upon a printed blank, there was a compliance with statutory requirements. Afterwards testator presented the paper signed by him to the other witness, his brother, asking him to witness testator's signature, which he did. At that time there was no declaration that the instrument was a will, nor any circumstance from which such a declaration could be implied. After about an hour, testator and his brother went to luncheon together, and at the table testator told his brother that the paper was his will, to which the brother made no reply, and did not again see the paper. *Held*, that the request previously made was not exhausted at the moment of its utterance, but reached forward, joining itself to the declaration when made, and validated the execution of the instrument.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 305-313; Dec. Dig. § 119.*]

Proceedings for probate of the will of Charles Dean Baldwin. Probate decreed.

Elliott, Jones & Fanning (Edward J. Fanning, of counsel), for proponent.

Floyd Martin Sheffield (William Murray, of counsel), for contestants.

KETCHAM, S.   The propounded paper was presented to each of the subscribing witnesses separately, and whatever took place as to its execution in the presence of one was not within the observation of the other.

In the case of one witness there was a compliance with the statute.

The decedent presented the paper with his signature upon it to the other witness, who was his brother, and asked him to witness his signature, which was done. There was then no declaration that the instrument was a will, nor was there any circumstance from which a declaration could be implied. The decedent then put the paper in his pocket. He and the witness remained together for about one hour. They then went from the place where the witness' signature had been made to luncheon at a restaurant, and there, at table, the decedent told the witness that the paper was his will. Nothing appears to have been said by the witness in reply to the statement that the instrument was a will. The paper was not brought into the view of the witness after it was signed by him. From the time when it was signed by the witness until the decedent said that it was his will the brothers were continuously together. The instrument was drawn by the decedent upon a printed blank, and the witnesses' names were signed at the

end of a blank form printed for an attestation clause; but this form was not filled in and was not read by the brother witness, though it was open to his sight. Both witnesses added to their signatures a statement of their residences, but the brother-witness' testimony indicates that he did not gather from the statement of his residence that the paper was a will.

A declaration made after the witness has signed may, in certain circumstances, be given the same effect as if it had preceded the signature. Any one of the four essentials of execution may be found in a probate proceeding, although the parties to the ceremony may have departed from the natural sequence enjoined by the statute.

Thus, though it is required that the declaration shall be made by the testator at the time of making his subscription or at the time of acknowledging the same, it is seldom that the two acts literally coincide; and the declaration which either precedes or follows the subscription may comply with the statute.

A witness must sign at the request of the testator; but, though he may have signed in advance of the request, his act in that respect may become his signature made at the testator's request, if the request succeeds the signature.

Where the witnesses have signed in advance of the testator, their signatures may conceivably become an attestation of his subscription, if it be thereafter supplied.

Each of the acts necessary to the testamentary transaction depends for its efficacy upon the due performance of the other acts to which it is related; but the lesson of the cases is that, where there has been a disturbance of their normal order, these acts, if all performed upon the same occasion, shall still be regarded as bearing to one another the same significance as would be accorded them if their natural succession had been observed.

If a witness has signed without either a declaration or a request, but hears both before the testamentary transaction is over, clearly in the contemplation of both testator and witness the declaration and request of one fall into efficient relations with the attestation by the other, and there is a consensus on the part of both that the signature of the witness stands as a token that the will was declared and the signature by the witness was requested.

If, after the belated declaration, the witness should formally announce that his signature was confirmed with the same effect as if it had been made after the declaration, few would doubt that the witness had attested the act of declaration.

What, then, is the difference whether the witness ratifies his act expressly or tacitly? Between a loud and strenuous affirmation that his signature shall stand and the silence by which he refrains from repudiating it, there is a difference of probative degree, but none in substance. One tends with great force, but the other, nevertheless, tends to show that the witness confirmed his signature and attributed to it the new relation and purpose which the declaration would impose upon it, and that the testator at the same time regarded it as an attestation of his own subscription and declaration.

No other meaning could be reasonably derived by either of them,

and the law may safely invest the transaction with the character and value which it bore in their contemplation. But no such meaning would necessarily appear, if before the publication the transaction was broken, either by the separation of the actors therein, or their distraction from the testamentary business by the intervention of third persons. Hence it has been laid down that the several acts essential to the execution, when dislocated by the parties, may be related to their normal sequence only when all of them occur during the same occasion.

In Vaughan v. Burford, 3 Bradf. Sur. 78, Mr. Surrogate Bradford said:

"The particular order of the several requisites to the valid execution of a testament is not at all material, provided they are done at the same time; that is, part of the same transaction. What is the same time and the same transaction is a subject of judicial determination in each particular case, depending upon the facts, and incapable of being governed by any general rule."

The testamentary occasion is not to be bounded by time alone, or to be broken by a change of the place where the transaction commenced; for the persons concerned may well maintain a continuous relation to the ceremony of will making and to each other's acts in that regard, despite the lapse of time or a change in their own location. The only test which survives is whether or not the actors remained for a period covering all the acts which they did with respect to the execution of the will in such conscious and recognized relations to each other and to their acts, respectively, that from first to last the transaction remained open and in suspense between them, and whether there was such continuity in their conduct and attitude in the premises that all which they did therein was done "at the same time and at the same transaction."

In Matter of Dale, 56 Hun, 169, 9 N. Y. Supp. 396, the execution was held invalid where at the time when the signatures were made no declaration whatever of the testamentary nature of the paper was made, but the testator, several weeks thereafter, and upon a subsequent occasion, informed the witnesses that the instrument which had been subscribed was his will. That there is no controlling parallel between the case cited and the case at bar will probably appear from the opinion, where the result is made to rest entirely upon the fact that the only declaration was made upon a subsequent occasion, several weeks after the witness had subscribed his name.

In the case under examination the request in pursuance of which the witness signed his name, without knowledge of the nature of the paper, was not exhausted at the moment of its utterance. It reached forward into and characterized all that took place while the testator and his brother continued together; and, joining itself to the declaration when made, it became a request to the witness to attest the paper in the character in which it was revealed by the declaration. When at that stage the witness was silent, he thereby adopted his signature, already made, and indicated that it was meant by him to stand in attestation of the subscription, declaration, and request.

The will is admitted to probate.

Probate decreed.