In the Matter of the Estate of WILLIAM J. JONES, Deceased.

Surrogate's Court, Oneida County, January 18, 1936.

*Miller, Hubbell & Evans* [*Arthur S. Evans* of counsel], for the proponents.

*G. Everett De More*, for Myrtle Jones and Mrs. Elroy Graf, general guardian of Norma Jones.

*Charles J. Fuess*, special guardian.

EVANS, S. The testator died September 14, 1935. He was survived by a son and two grandchildren the issue of a deceased son of testator. The grandchildren contest the validity of the instrument offered for probate as a will. It is alleged that the instrument was not properly executed and published. There is little or no dispute as to the facts.

The testator was about eighty years of age and there are no claims made that he lacked testamentary capacity or that the instrument is the product of undue influence. The instrument was prepared by a justice of the peace who resided near the testator. The evidence is that the testator appeared at the home of neighbors. He was admitted to their home and immediately announced to the occupants, Frank Kuhn and Lenore Kuhn, his wife, that he wanted them to witness his will. The testator produced the document from his pocket and it was read in its entirety by Mr. and Mrs. Kuhn. The three persons were seated around a kitchen table and after the reading was completed Mr. and Mrs. Kuhn in the presence

of the testator and in the presence of each other signed their names in the proper place at the foot of the printed form of the attestation clause. The instrument was then handed to the testator, who signed his name in the proper place at the end of the will in the presence of the two witnesses. The testator then returned the instrument to his pocket. He remained at the Kuhn home about one hour. The conversation that followed was general and no further reference to the will was made by any one present. The testator left for home and that ended the transaction. The procedure necessary in the making of a valid will is statutory. (Dec. Est. Law, § 21.)

The usual and orderly manner of execution is for the testator to first sign and the act to be then followed by the signing of the witnesses, yet a variation in the order seems not to invalidate the instrument, if the acts constitute one transaction.

" While it is a general rule that the witnesses sign in attestation of the signature of the testator as well as of the other formalities, and should therefore sign after the testator, the rule may be departed from under circumstances which show a complete compliance with the statute in one transaction, even though the testator signs last." (1 Heaton Surr. Ct. [5th ed.] p. 238; *Matter of Haber*, 118 Misc. 179.)

" Where the witnesses have signed in advance of the testator, their signatures may conceivably become an attestation of his subscription, if it be thereafter supplied." (*Matter of Baldwin*, 67 Misc. 329; affd., 142 App. Div. 904; affd., 202 N. Y. 548.)

The case of *Jackson* v. *Jackson* (39 N. Y. 153) has been frequently cited as authority that a valid will requires that the signature of a testator must precede the signature of the witnesses. In that case the facts do not clearly appear that the transaction constituted one simultaneous act on the part of the testator and the subscribing witnesses.

There is no specific direction in the statute that the testator shall first sign his name to be followed by the signature of the witnesses. This is doubtless the orderly and approved method of execution. In the *Jackson* case the court propounds and disapproves a hypothetical case of a testator procuring the signatures of witnesses and then retaining the document for an indefinite period of time before signing himself.

The invalidity of such procedure is pointed out, but there is language to support the inference that under such circumstances the witnesses might be recalled and see the testator sign or hear him acknowledge his signature. (*Jackson* v. *Jackson*, 39 N. Y. at p. 161.)

In the case at bar the signing by the witnesses and the testator was accomplished in a few minutes, all being present. Under the

circumstances it would seem to be a denial of justice to refuse probate.

The publication presents no special difficulty. The evidence shows that the testator knew and declared the instrument to be his will to the witnesses. He sought them out for the purpose of being witnesses and requested them to act as such. There was compliance with the statute. (*Matter of Beckett*, 103 N. Y. 167; *Coffin v. Coffin*, 23 id. 9; *Matter of Balmforth*, 133 App. Div. 521.)

I hold and decide that the objections should be dismissed and the will admitted to probate.

Decreed accordingly.