SYRACUSE TRANSIT CORPORATION, Respondent, v. CITY OF SYRACUSE, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Taylor, P. J., Dowling, Harris, McCurn and Love, JJ. [See *ante*, p. 795.]

GEORGE L. GUINTHER, Appellant, v. CITY OF BUFFALO et al., Respondents.— Motion for reargument denied; motion for leave to appeal to the Court of Appeals granted. Present — Taylor, P. J., Harris, McCurn, Larkin and Love, JJ. [See *ante*, p. 796.]

THE PEOPLE OF THE STATE OF NEW YORK ex rel. SAMUEL TAIBI, Appellant, against JOHN F. FOSTER, as Warden of Auburn State Prison, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Taylor, P. J., Dowling, Harris, Larkin and Love, JJ. [See *ante*, p. 800.]

## (March 20, 1946.)

In the Matter of the Probate of the Will of MAUD MARTIN, Deceased. LOUIS J. KEMPANY, Appellant; DAVID B. LISLE, as Trustee in Bankruptcy for EDWARD W. MARTIN, Respondent.— Decree so far as appealed from reversed on the law, without costs of this appeal to any party, and matter remitted to the Surrogate's Court with directions to admit the will to probate. Memorandum: That the will offered for probate was the one drawn for the testatrix, Mrs. Martin, a few days prior to its execution by her lawyer, was established by his testimony, from which it also appears that her purpose in making it was to insure to her husband and son a home. There was no question of proper execution as to the witness Burke, whose testimony warranted a finding that the other witness, Mrs. La More, signed the will at the request of the testatrix. This witness did not sign in the presence of the testatrix but when she did sign a day or two after the testatrix had executed the will, she knew it was a will, saw and recognized the signature of the testatrix and that of the other witness, Burke. The conversation between Mrs. La More and the testatrix, which occurred either on the day Mrs. La More signed as a witness or a day or two later, read in connection with that of the witness Judson, we believe constituted substantially as to the witness La More, a publication by the testatrix that the instrument which Mrs. La More had signed was the will of testatrix and the signature thereon was her signature. We do not consider it to be a *sine qua non* to the publication of, or the acknowledgement of a subscription to, the will that the instrument with the signature visible be physically present at the time. (*Matter of Baldwin,* 67 Misc. 329, affd. on opinion of Surrogate KETCHAM, 142 App. Div. 904, affd. 202 N. Y. 548; *Matter of Meier,* 222 App. Div. 686, affd. 249 N. Y. 549.) All concur, except Dowling, J., not voting. (The portion of the decree appealed from denies probate of a will.) Present.— Taylor, P. J., Dowling, Harris, Larkin and Love, JJ.