In the Matter of the Probate of the Will of NELLIE J. FELDMAN, Deceased.

Surrogate's Court, Richmond County, August 24, 1949.

*Fred W. Nellis* for Pauline F. Stillwell, proponent.

*Wesley W. Braisted,* special guardian for Edgar F. Stillwell and another, infants.

BOYLAN, S. The paper writing offered for probate as the last will and testament of Nellie Jones Feldman is dated September 30, 1948, and is in the handwriting of the decedent. Annie V. Driscoll, one of the witnesses, stated that on September 30, 1948, the decedent signed the paper in her presence and declared it to be her last will and that she signed as a witness at the end thereof and at the request and in the presence of the decedent.

Jean R. Jones, the other witness who lives in Ohio, states that during the week of October 17, 1948, she visited the testatrix. During this visit the decedent exhibited the instrument to her, acknowledged her signature, stating that the instrument was her last will and testament and requested her to sign it as a witness. The question presented is whether the publication of the will to the second witness within a twenty-three-day period constitutes the same transaction. What constitutes the same occasion and the same transaction is a matter of judicial determination in each particular case, dependent upon the facts thereof and incapable of being governed by any general rule. (*Vaughan* v. *Buford,* 3 Bradf. 78; *Matter of Baldwin,* 67 Misc. 329.) The facts in this case indicate that when the testatrix signed the will on September 30, 1948, before Annie V. Driscoll the question of the necessity of having another witness was discussed and decedent said that she would have her sister-in-law, Jean R. Jones, act as the other witness during her visit. The sister-in-law visited the decedent and witnessed the will sometime during the week of October 17, 1948.

Under the circumstances here present the court holds that the paper writing dated September 30, 1948, was properly executed as a will of both real and personal property and should be admitted to probate.

Enter decree accordingly.