John T. Clancy, S.
In this contested probate proceeding, the principal issue is the due execution of the will.
Decedent was survived by six children. By the instrument offered for probate, decedent left her entire estate to two of her children and disinherited the other four. Three of them have filed objections to probate.
The objections are (1) that the decedent lacked testamentary capacity, (2) that the will was not duly executed, (3) that the decedent did not know the contents of the paper offered for probate and (4) that said paper was procured by undue influence.
At the hearing the objectants specifically withdrew their claim of undue influence. The decedent’s testamentary capacity was amply proved, as was her understanding of the terms of the will. The only testimony adduced on this point was to the fact that the will was explained to her and that it conformed to her instructions to her attorney.
As noted at the outset, the prime issue here is the due execution of the popounded will. The decedent did not speak or understand English. One of the witnesses to the will did not understand Italian, decedent’s native language. The objectants contend that in view of this language barrier, it was impossible for the decedent to publish her will to said witness or to request him to act as a Avitness to her will.
Decedent’s will was drawn by an attorney named Marandino who was born in Italy and attended school there for three years. *217 He was about nine years old when he came to this country. He attended public schools in Brooklyn but spoke Italian at home since his mother spoke no English. He attended Erasmus Hall High School in Brooklyn where he studied Latin and French but he continued to study Italian under the tutelage of his father who taught Latin, French and Italian. He passed a three-year regents examination in Italian. He then studied Italian at Columbia University for two years. It is evident that Mr. Marandino was well qualified to translate from Italian to English and vice versa.
Marandino knew the decedent since 1932 or 1933, when he was introduced to her by her son who was in law school with him. He had met the decedent about eight times during her lifetime. One day Marandino received a phone call from a Mr. Miller who said that Mrs. Albarino wanted to speak to him. He recognized the voice as that of the decedent. She spoke to him in Italian and asked him to visit her on a matter of business. He called at her home and she told him that she wanted to make a will and advised him how she wanted to dispose of her property. He drew the will in accordance with her directions.
When the will was prepared, Marandino telephoned the decedent to make an appointment for its execution. He told the decedent that they would need another witness. She asked if her son, John, could act but Marandino told her that John could not act as witness. She then said they would go to the real estate office. When Marandino called at her home pursuant to appointment, the decedent was ready and they walked to the Miller real estate office. Mr. Miller’s nephew, also named Miller, had previously been advised that some people would come in to make a will.
Marandino read the will to the decedent in the presence of the other subscribing witness. As he read each provision in English, he translated it into Italian. Concededly, Mr. Miller understood no Italian.
After the will had been read and translated to the decedent, she subscribed it with her mark. Marandino asked her if it was her last will and testament and if she requested Miller and Marandino to act as witnesses. This question was put to the decedent first in English and then in Italian. She answered, “Yes”. When asked if she understood, she answered “ Perfetto ”. Miller and Marandino then each signed the will in two places, one signature following the attestation clause which was read aloud.
It is apparent from the testimony that decedent clearly understood the nature of the proceeding and that she wanted the *218 witnesses to act as such. Her inability to speak English did not prevent her from indicating her intention to have Miller act as a witness to her will. Such a request need not be expressed but may be implied from the conduct of the parties. (Matter of Mullenhoff, 278 App. Div. 963.) Nor did the difference in language present an insuperable barrier. (Matter of Dybalski, 199 App. Div. 677, affd. 234 N. Y. 510.)
Under all the circumstances, the court finds that the instrument offered for probate was executed in accordance with section 21 of the Decedent Estate Law, that decedent was competent to make a will, that she understood the terms thereof, and that she was free from restraint. The instrument propunded will be admitted to probate as the decedent’s will.