■ In the Matter of the Probate of the Will of JOHN WATSON, SR., Deceased. JOHN WATSON, JR., Respondent; TONY WATSON et al., Appellants.— Appeal from a decree of the Surrogate's Court of Delaware County, admitting the will of John Watson, Sr., to probate. On this appeal the issues are whether the proponent of the will, John Watson, Jr., has established that the testator understood the contents and meaning of his purported will and whether the provisions of EPTL 3–2.1 were satisfied as to publication of the will. In July, 1964 the will in question was drawn by an attorney for John Watson, Sr. Since the testator spoke only fluently in Slovak, John, Jr., in fact described to the attorney the provisions allegedly desired by the testator. However, the attorney took the time to assure that the testator understood his explanation in English of the proposed terms of the will and assented thereto, and it is conceded that while the testator did not read English, he did speak and could understand English when spoken slowly as the attorney testified he did. Thereafter on July 21, 1968 the will was executed. The will was not executed in the lawyer's office but in a car adjacent thereto because of a leg injury sustained by the testator. While the attorney who drew the will was not present, two secretaries from his office went out to the car and sat in the back seat while the testator and John, Jr., sat in the front. John, Jr., read the will to his father in English and another language presumably Slovak. One of the secretaries then asked the testator "if this was his will and if he wanted * * * [us] to witness the execution to the will", to which he responded "yes" and nodded affirmatively. The testator died apparently without having executed another will. The proponent of a will

bears the burden of proof as to due execution, publication and testamentary capacity (*Delafield* v. *Parish*, 25 N. Y. 9). And whereas here the testator is not fluent in English he has a greater burden in establishing " that the mind of the testator accompanied the act, and that the instrument executed speaks his language and really expresses his will." (*Rollwagen* v. *Rollwagen*, 63 N. Y. 504, 517; *Matter of De Castro*, 32 Misc. 193). While it is true that an execution supervised by the attorney who drew the will is less suspect, it is not essential to a valid execution that he be present (*Matter of Dybalski*, 199 App. Div. 677) and *Matter of Albarino* (45 Misc 2d 216, affd. 23 A D 2d 535, affd. 16 N Y 2d 927) does not so hold. Moreover, the witnesses need not speak the language of the testator, and may sign at the testator's affirmative response to a question to satisfy the requirements of due execution (*Matter of Albarino, supra*; *Matter of Dybalski, supra*; *Matter of Rothstein*, 112 N. Y. S. 2d 716). Thus the instant case presents solely questions of fact as to the issues involved, and we see no basis to disturb the finding of the Surrogate that a preponderance of the evidence supports admitting the will to probate. Decree affirmed, with costs. Reynolds, J. P., Staley, Jr., Greenblott, Sweeney and Simons, JJ., concur.