■ In the Matter of the Estate of FLORENCE E. GRIFFIN, Deceased. ROBERT S. DAVIS, as Executor of FLORENCE E. GRIFFIN, Deceased, Appellant; HARRY GOLD, as Guardian ad Litem for Unknown Heirs, Respondent. — Appeal from a decree of the Surrogate's Court of Ulster County, entered June 13, 1980, which denied probate to an instrument purporting to be the last will and testament of Florence Enyon Griffin. At issue in this proceeding is whether the writing offered for probate is a valid, legal and binding will of Florence Enyon Griffin. The facts attending its execution are not disputed. On October 21, 1978, Rita B. Wood and Ethel B. Lockwood were in the Hurley Town Clerk's office, which was located in a room in the Lockwood home. Mrs. Griffin, who lived with Mrs. Lockwood, had been observed writing in the living room of the home. She told Mrs. Lockwood that she was writing her will. Some time later, she entered the clerk's office carrying a single sheet of paper bearing some writing. She requested both women to witness her signature on the paper. She did not proclaim the document to be her will but both women believed they were signing a will because she had Mrs. Wood type an attestation clause from a previous will on the paper. Mrs. Griffin then had both women sign the document, after which she returned to the living room. Mrs. Wood left and, thereafter, Mrs. Griffin returned and had Mrs. Lockwood staple four sheets of paper together, placed them in an envelope, sealed it and gave it ultimately to Robert Davis, the proponent of the will. It is uncontested that Mrs. Griffin was of sound mind and not under undue influence when the witnesses affixed their signatures to the document. In denying probate, the Surrogate found that due execution of the four-page document was not in conformity with EPTL 3-2.1. In addition, he found that the single last page, which was duly executed, did not contain any matter which would be meaningful or would accomplish anything of a testamentary manner; therefore, that page was also not admitted to probate. We concur with such findings. Where a ceremony of execution and attestation occurs during which only the final page of a four-page document is present and the testatrix does not declare to the witnesses that she intends the document to be her will, such document is not entitled to probate *(Matter of Allen,* 282 NY 492, 496; *Matter of Dake,* 75 App Div 403, 410; *Matter of Stege,* 161 Misc 667). A testator is required to declare to each of the attesting witnesses that the instrument to which the witnesses' signatures have been affixed is his will (EPTL 3-2.1, subd [a], par [3]). The will fails in the absence of such declaration or publication *(Matter of Turrell,* 166 NY 330). Although the witnesses here assumed that the decedent intended to execute a will, there was lacking a sufficient publication. Decree affirmed, without costs. Sweeney, J.P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.