■ In the Matter of the Estate of BERTHA A. COLLINS, Deceased. — Order reversed, with costs to appellants, motion granted and petition dismissed. All concur, Simons, J., not participating. Memorandum: Bertha Collins died on June 4, 1981 at the age of 77 years. Thereafter, her nephews, respondents Richard and Robert Hoffman, offered for probate a will dated January 31, 1951. Under that will decedent's estate would pass to her husband but since he had predeceased her, respondents survived as her only distributees. Petitioner Mayne, who had been decedent's accountant, filed objections to the will and offered another, dated January 17, 1977 which left small bequests to respondents and decedent's sister-in-law and the residue to petitioner. Respondents moved for a preliminary examination of the witnesses to the 1977 will and, after a hearing, they moved to dismiss the petition for probate contending petitioner had failed to prove proper execution of the 1977 will as a matter of law. The motion was denied and they were granted leave to file objections. Respondents appeal denial of their motion to dismiss and petitioner has cross-appealed from that portion of the order which granted respondents leave to file objections. The will's two witnesses, bank employees, testified at the hearing. Each identified his own signature and that of the other witness but neither could remember seeing the testatrix execute the will. One witness recalled seeing the heading "Will and Testament" on the paper he signed but neither he nor the other witness could remember any other circumstances concerning the incident. Neither witness recalled reading the proof of will executed at the time of probate. Petitioner then offered additional evidence to establish the authenticity of testatrix' signature, evidence that she intended to execute a will on the date appearing on the instrument and that she was competent to do so. The Surrogate held this evidence sufficient to defeat respondents' motion. SCPA 1405 (subd 3) provides that where an attesting witness has forgotten the occurrence or testifies against the execution of the will, the will may be admitted on the testimony of "at least 1 other attesting witness" and such other facts as would be sufficient to prove the will. It is clear that the statute contemplates that at least one witness be able to confirm that the testatrix did in fact sign the instrument and that when she did so she intended the instrument to be her will (see Goldman, Practice Commentary, McKinney's Cons Laws of NY, Book 58A, SCPA 1405, p 179; see, also, Revisers' Notes to SCPA 1405, p 180). Here, the proponent produced evidence that testatrix signed the instrument and that the witnesses signed it. He failed, however, to produce evidence that testatrix intended the instrument to be her will as required by EPTL 3-2.1 (see, also, generally, *Matter of Turell,* 166 NY 330; *Matter of Baldwin,* 67 Misc 329, affd 142 App Div 904, affd 202 NY 548; *Matter of Griffin,* 81 AD2d 735). Accordingly, the petition to probate the 1977 will must be dismissed. (Appeals from order of Niagara County Surrogate's Court, Di Florio, S. — dismiss petition for probate.) Present — Dillon, P. J., Simons, Doerr, Boomer and Moule, JJ.