■ In the Matter of the Estate of MARIA A. SALVAN, Deceased. HARRY SALVAN et al., Appellants; BARBARA J. WRIGHT, Respondent.—In a proceeding to admit the last will and testament and codicil of the decedent to probate, the proponents Harry Salvan and Sherwood Salvan separately appeal

from a decree of the Surrogate's Court, Queens County (Laurino, S.), dated January 6, 1986, which denied probate and granted the contestant Barbara Joan Wright letters of administration.

Ordered that the decree is modified, on the law, by deleting the third decretal paragraph thereof which granted letters of administration to the contestant and substituting therefor a provision granting letters of administration to the proponent Harry Salvan; as so modified, the decree is affirmed, without costs or disbursements.

The decedent, Maria Ann Salvan, died on March 5, 1983. Her will, executed on October 21, 1971, bequeathed all of her property to her son, Sherwood A. Salvan, "to be distributed as he may so desire". The witnesses were Sherwood and Harry Salvan and Isabel Levy. A codicil, executed on February 25, 1972, bequeathed such property to the decedent's spouse, Harry Salvan, as would entitle her estate to receive the full benefit of the marital deduction under the Federal estate tax laws. The remainder of the estate was to be distributed in accordance with the original will executed on October 21, 1971. The witnesses thereto were Sherwood Salvan and Rose Greenbaum.

The contestant, the decedent's daughter, Barbara Joan Wright, brought objections to probate on August 12, 1983, maintaining that the signatures on the instruments were not the decedent's and/or the will was procured by the fraud and undue influence of Sherwood Salvan, who was a principal legatee and witness. By order dated January 6, 1984, the Surrogate granted a motion by the contestant and compelled the proponents to file the will with the court before January 11, 1984. In the interim, the proponents petitioned to admit the will to probate alleging that the value of the estate was $35,000 and seeking issuance of letters testamentary. On or about March 12, 1984, Barbara Joan Wright brought a petition seeking the denial of probate and issuance of letters of administration to her. In her petition, she claimed the estate was worth $250,000.

A hearing was conducted before the Surrogate, who, by decree dated January 6, 1986, denied probate to the will and codicil and granted letters of administration to Barbara Joan Wright.

We find that the Surrogate properly denied probate to the will and codicil.

A party who offers a will for probate has the burden of

proof of showing, satisfactorily, that it speaks the language of the testator and expresses the testator's will *(see, Rollwagen v Rollwagen,* 63 NY 504, 517). The evidence adduced at the hearing clearly established that the testatrix desired to place upon her son, an attorney, the legal as well as moral responsibility for the care of her surviving husband, daughter and grandchildren. With respect to the drafting of the will, her avowed intent was to have her son administer the assets of her estate according to the needs of the remaining family members. A review of the will shows no language which would have accomplished that intent. Rather, the will merely leaves the entire estate to the son to do with as he wished.

Probate was also properly denied with respect to the codicil. Where a codicil is complete in and of itself and independent of the provisions of the will, it is a separate testamentary instrument entitled to be admitted to probate separately *(see, Matter of Smith,* 253 App Div 731). At the time of its execution, the codicil in this case by its own terms was so dependent on the provisions of the invalid will as to make it incomplete and incapable of an independent execution.

The decree, however, must be modified, as we find that letters of administration were improperly granted to Barbara Joan Wright rather than to the proponent Harry Salvan.

SCPA 1001 sets forth the priority in which letters of administration are to be granted. A surviving spouse, who is entitled to share in the estate, takes precedence over all others, absent any forfeiture of the right to appointment *(see Matter of Rechtschaffen,* 278 NY 336). Such priority is mandatory unless the person with first priority is barred by SCPA 707 *(see, Matter of Pugarelli,* 10 Misc 2d 456). Barbara Joan Wright argued that both proponents exercised undue influence over the testatrix, thereby rendering Harry Salvan ineligible under the dishonesty provision in SCPA 707 (1).

No direct evidence was adduced that Harry Salvan was dishonest in money matters so that the assets of the estate would be in peril. While an inference was raised that he may have been careless or improvident with respect to financial matters, such an inference was also raised with reference to Barbara Joan Wright. Since the evidence was balanced as to both of them and nothing further was produced to show any coercion, misrepresentation or dishonesty on the part of Harry Salvan, the mandate of SCPA 1001 required that letters of administration be granted to him. Lawrence, J. P., Kunzeman, Spatt and Sullivan, JJ., concur.