■ In the Matter of the Estate of GRACE PIROZZI, Deceased. ANGELA PIROZZI, Also Known as ANGELA CABAL, Appellant; PHILIP VECCHIO et al., Respondents. [657 NYS2d 112] —Casey, J. Appeal from a decree of the Surrogate's Court of Albany County (Marinelli, S.), entered June 22, 1996, which denied probate to an instrument purporting to be the last will and testament of decedent.

Petitioner and respondents are the three children of Grace Pirozzi (hereinafter decedent), all of whom survived her. Respondent Elda A. Dougherty at first filed a petition for letters of administration, which alleged that decedent died intestate. Shortly thereafter, petitioner filed a petition for probate of a document that petitioner claimed was decedent's will. Three attesting witnesses had signed the will that petitioner offered for probate.* Respondents objected to the will's admission to probate. Their objections included lack of due execution, lack of testamentary capacity and undue influence. Respondents waived their right to a jury trial. Despite respondents' objections, Surrogate's Court issued preliminary testamentary letters to petitioner and after a pretrial conference, issued an order framing the issues for trial. These issues were decedent's competency and the validity of decedent's signature. Following trial of these issues, Surrogate's Court found that decedent had

---

* Decedent executed two wills. The first was preprinted. The second was prepared by decedent's attorney and was executed the day before she died. This is not significant, however, since both wills were identical and left all of decedent's real and personal property to petitioner. It is the second will that was offered for probate.

improperly executed the will since she failed to publish her intention that the document was to serve as her last will and testament in the presence of the attesting witnesses. Accordingly, Surrogate's Court denied petitioner's application for probate. Petitioner appeals.

The first question presented is whether Surrogate's Court properly considered the circumstances surrounding the execution of decedent's will since the court failed to include this issue in its October 3, 1995 order framing the issues for trial. We believe that the court properly examined the circumstances surrounding the execution of decedent's will. Before admitting a will to probate, Surrogate's Court must be satisfied that the will was duly executed (SCPA 1408), even if no interested party files any objections to the validity of the will (SCPA 1408; *see, Matter of Zurkow*, 74 Misc 2d 736, 739-740). The proponent of the will has the burden of proving due execution by a preponderance of the evidence (*see, Matter of Tully*, 227 AD2d 288; *Matter of Watson*, 37 AD2d 897). Among the requirements for due execution is that the testator publish to the attesting witnesses that the document was his or her will (EPTL 3-2.1). Petitioner was, therefore, on notice that the burden of proving due execution was hers, despite the failure of Surrogate's Court to include this requirement when it framed the issues for trial.

Two of the three attesting witnesses had died between the signing of the will and the petition for probate. The surviving witness testified that only she, decedent and petitioner were present at the will signing and that decedent did not publish her intention that the document serve as her will. Without such a declaration, the document should not be admitted to probate (*see, Matter of Griffin*, 81 AD2d 735, *lv denied* 54 NY2d 602). Publication can be through words or actions, but something must occur to show that there had been "a meeting of the minds between the testator and the attesting witnesses that the instrument they were being asked to sign as witnesses was testamentary in character" (*Matter of Roberts*, 215 AD2d 666).

Due to the improper execution of the will, Surrogate's Court properly denied petitioner's probate request. Having so concluded, we do not need to reach petitioner's remaining contentions as they have been rendered academic.

Mikoll, J. P., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the decree is affirmed, with costs.