*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   January 8, 2015                518557
_____

In the Matter of the Estate of
    ANDREW WALKER, Also Known
    as ANDREW S. WALKER,
    Deceased.

NORA WALKER, Individually and          MEMORANDUM AND ORDER
    as Executor of the Estate
    of ANDREW WALKER, Deceased,
                    Appellant;

MARK WALKER et al.,
                    Respondents.
_____

Calendar Date:   November 13, 2014

Before:   Peters, P.J., Lahtinen, Garry, Rose and Egan Jr., JJ.

_____

        Meagher & Meagher, Binghamton (Frederick J. Meagher Jr. of
counsel), for appellant.

        Levene, Gouldin & Thompson, LLP, Binghamton (Gary Farneti
of counsel), for respondents.

_____

Peters, P.J.

        Appeal from a decree of the Surrogate's Court of Broome
County (Guy, S.), entered September 13, 2013, which denied
probate to an instrument purporting to be the last will and
testament of decedent.

        On January 19, 2012, Andrew Walker (hereinafter decedent),
who had been experiencing respiratory difficulties caused by
asbestosis, was discharged from a hospital in order to spend his

last days at home. On January 25, 2012, decedent executed a will that altered the disposition of a parcel of property from that directed in his two prior wills by, among other things, devising half of the property to petitioner, his wife.[1] A few days later, decedent passed away. In March 2012, petitioner commenced this proceeding seeking to probate the January 2012 will. After a hearing pursuant to SCPA 1404 at which the two witnesses to the will testified, respondents, decedent's children from a prior marriage, filed objections to the will, arguing that it was not properly executed, decedent lacked capacity and petitioner exercised undue influence over decedent. Following petitioner's unsuccessful summary judgment motion to dismiss the objections, preliminary letters testamentary were issued to petitioner and the matter proceeded to a bench trial. Thereafter, Surrogate's Court denied the admission of the will to probate and revoked the preliminary letters, finding that petitioner had failed to establish due execution because there was no competent evidence linking the proffered instrument to decedent's intentions. Petitioner now appeals and we affirm.

"In order for a will to be duly executed and attested in New York, the testator must sign the document at the end; the testator must sign or acknowledge the signature in the presence of the attesting witnesses; the testator must declare to each of the attesting witnesses that the instrument is his or her will; and there must be two attesting witnesses who shall, within 30 days, attest the testator's signature and, at the request of the testator, sign their names and affix their residence addresses" (Matter of Lewis, 114 AD3d 203, 211 [2014], lv granted 23 NY3d 906 [2014]; see EPTL 3-2.1). Before admitting a will to probate, Surrogate's Court must be satisfied that the will has been validly executed (see SCPA 1408 [1]; Matter of Doody, 79 AD3d

---

[1] The two prior wills were executed in December 2007 and March 2011. The 2007 will gave the property in fee to two of his three children, respondents Mark Walker and Michelle Peters. The 2011 will gave the property in fee to Walker, Peters and the daughter of respondent Andrea Knox, his third child. All three wills granted a "life use" of said property to petitioner.

1380, 1381 [2010]; Matter of Halpern, 76 AD3d 429, 431 [2010], affd 16 NY3d 777 [2011]; Matter of Pirozzi, 238 AD2d 833, 834 [1997]), "that the mind of the testator accompanied the act, and that the instrument executed speaks his [or her] language and really expresses his [or her] will" (Rollwagen v Rollwagen, 63 NY 504, 517 [1876]; accord Matter of Watson, 37 AD2d 897, 898 [1971]; see Matter of Minervini, 297 AD2d 423, 424 [2002]; Matter of Salvan, 132 AD2d 662, 663-664 [1987]; Matter of Simone, 53 Misc 2d 314, 317 [1967]; Matter of De Castro, 32 Misc 193, 194 [1900]). The proponent of a will bears the burden of proving its validity by a preponderance of the evidence (see Matter of Moskowitz, 116 AD3d 958, 959 [2014]; Matter of Pirozzi, 238 AD2d at 834).

Petitioner testified that, sometime between January 20, 2012 and January 25, 2012, decedent decided that he wished to change the provision of his will devising his real property; accordingly, petitioner wrote down decedent's wishes and delivered them to the office of attorney Frederick J. Meagher Jr. On January 25, 2012, Gerald Collins, decedent's longtime friend, retrieved the new version of the will from Meagher's office and brought it to petitioner and decedent's home for decedent to execute. Meagher, who is representing petitioner in this proceeding, informed Surrogate's Court that the drafting of the 2012 will was "done jointly" by himself and his secretary. The court described the will as having been prepared by an attorney. At oral argument on this appeal, however, Meagher denied that he represented decedent or that he had drafted either the 2011 will or the 2012 will. With respect to the 2012 will, Meagher acknowledged that his secretary typed the will but stated that he never reviewed or approved it. He asserted that his office was involved in only a "ministerial capacity," likening the activity to "LegalZoom."

As to execution of the will, petitioner admitted that she did not confirm whether the will presented to decedent conformed to the instructions that decedent had given to her. Collins testified that decedent did not discuss the will changes with him, nor did he specifically request Collins to witness the will. Rather, Collins indicated that, because he had been a witness to decedent's prior will, it was "assumed" that he would act as

such.  He noted that he was "surprised" that decedent altered the will provision devising his real property, as it was always his understanding that decedent wished for respondents to have the property.  Robert Wilcox, another of decedent's friends, happened to be visiting decedent at that time and Collins requested that Wilcox act as a witness to the will's execution.  Collins explained that he and Wilcox each sat next to decedent, he held the will in front of decedent and read it aloud twice to decedent.  Collins stated that he asked decedent, "do you know what the changes are," "you are leaving [petitioner] half the cottage,"[2] and that decedent responded affirmatively to these questions and indicated that he did not want to discuss the will further.  Collins handed the will to decedent, who signed it, and then Collins and Wilcox each signed it as witnesses.  While Wilcox's testimony regarding the will execution was substantially similar to that of Collins, he admitted that decedent did not declare that the will was his own, but that decedent signed the document after being asked if he understood its contents.[3]

The evidence revealed that decedent never personally communicated with Meagher or the secretary at the law office where the will was drafted, and it was undisputed that no one from that office was present for the execution of the will.  Meagher admitted that he never saw the notes that petitioner delivered to his office and could not produce any such notes that petitioner was able to identify as her own.  In light of the uncertainty surrounding the drafting and execution of this will, we decline to disturb the decree of Surrogate's Court denying admission of the will to probate (see Rollwagen v Rollwagen, 63 NY at 517-519; Matter of Salvan, 132 AD2d at 663-664; compare Matter of Minervini, 297 AD2d at 424).

---

[2]  The changes were in fact more substantial than articulated by Collins.

[3]  The witness affidavit executed by Collins and Wilcox is inconsistent with this testimony in that it represents that decedent "declared the same to be his last [w]ill and [t]estament."

Lahtinen, Garry, Rose and Egan Jr., JJ., concur.


ORDERED that the decree is affirmed, with costs.




ENTER:

Robert D. Mayberger
Clerk of the Court