Matter of Shabtai (2024 NY Slip Op 51773(U))

[*1]

Matter of Shabtai

2024 NY Slip Op 51773(U)

Decided on December 2, 2024

Surrogate's Court, Kings County

Graham, S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 2, 2024
Surrogate's Court, Kings County

Probate Proceeding, Estate of Shimon Shabtai, Deceased
Administration Proceeding, Estate of SHIMON SHABTAI, Deceased

File No. 2019-4147/C

Petitioner, Devora Shabtai, appeared pro se.
Attorneys for Respondent, Zehavit Michael:
Joseph A. Ledwidge, Esq.
170-26 Cedarcroft Rd.
Jamaica, NY 1432
Kareem R. Vessup, Esq. (trial counsel) 8931 161st Street
Ste 705
Jamaica, NY 11432

Bernard J. Graham, S.

In this contested probate proceeding, a trial was held on October 28, 2024 to determine the validity of the written instrument dated July 22, 2019 ("the propounded instrument") which purports to be the Last Will and Testament of Shimon Shabtai.
The decedent died on October 19, 2019 and was survived by two daughters, Devora Shabtai ("petitioner") and Zehavit Michael ("respondent"), as well as his ex-wife, Miriam Shabtai a/k/a Mary Shabtai, who is now deceased.[FN1]
The propounded instrument names petitioner as the nominated executor and sole beneficiary of the decedent's estate and specifically disinherits the respondent. The probate proceeding was commenced by the filing of a petition on July 13, 2020. (Respondent's Exhibit F).
The propounded instrument, as well as the probate petition and subsequent amendments, were the subject of a bench trial conducted by the undersigned on October 28, 2024 in this Court. The petitioner appeared pro se.[FN2]
The respondent appeared and was represented by her attorneys, Joseph A. Ledwidge, Esq. and Kareem R. Vessup, Esq. Testimony was heard from Robert Sherman (the alleged third witness to the propounded instrument), Joseph Rothenberg (a friend of the Shabtai family), Devora Shabtai (petitioner and alleged witness to the propounded instrument), and Galit Markovitch (a friend of the Shabtai family).
At the close of petitioner's case in chief, respondent's counsel moved to dismiss the probate petition and deny probate of the propounded instrument upon petitioner's failure to present a prima facie case of due execution. Petitioner objected to the motion, arguing that the testimony of Robert Sherman established that all the requirements were met.
After careful consideration of the testimony and evidence presented in this case, the Court grants the motion to dismiss the probate petition and deny the propounded instrument probate.[FN3]

Background:
This matter has a lengthy history of contentious litigation and acrimony, commencing [*2]with the underlying probate proceeding, which was initiated by petitioner by the filing of a purported Last Will and Testament of Shimon Shabtai dated July 22, 2019.
On December 24, 2019, petitioner filed an Article 13 proceeding for Voluntary Letters of Administration. Said petition indicated that the petitoner was the sole distributee of the Estate of Shimon Shabtai.
On May 26, 2021, former counsel for the respondent, Peter Strauss, Esq., moved to revoke the Letters of Voluntary Administration issued to petitioner, issue Temporary Letters of Administration to the respondent, and enjoin the petitioner from transferring, encumbering, or otherwise disposing of property that belonged to the Estate of Shimon Shabtai. The injunctive relief was requested on the grounds that the petitioner obtained orders permitting her to access several bank safe deposit boxes, inventory said safe deposit boxes, and remove and take possession of their contents. It is alleged that the contents of these safe deposit boxes totaled approximately $10,000,000.00. Former counsel for the respondent also asserted that the petitioner had made misrepresentations and false statements in her filings with this Court in order to obtain Voluntary Letters of Administration, such as listing herself as the sole distributee.
On March 3, 2022, this Court issued a decision and order granting the respondent's motion to revoke the Voluntary Letters of Administration issued to the petitioner, issue Temporary Letters of Administration to the respondent, and restrain the petitioner from entering any safe deposit box in the name of Shimon Shabtai and/or removing any of its contents or interfering with the temporary administration of the decedent's estate by the respondent.
On May 28, 2022, petitioner moved by Order to Show Cause to vacate this Court's March 3, 2022 Order appointing the respondent as Temporary Administrator. This Court reviewed the petitioner's submission, which consisted of a random narrative screed alleging the unfitness of the respondent to serve as Temporary Administrator, and denied the motion in a Decision and Order dated June 2, 2022.
Motions were made by petitioner's counsel and respondent's counsel for leave to withdraw from representing their respective clients, and both motions were granted. Following a stay of sixty (60) days, petitioner and respondent appeared before this Court on February 1, 2024 to address the remaining issue before this Court regarding the appointment of the Kings County Public Administrator as the fiduciary of the Estate of Shimon Shabtai and the Estate of Mary Shabtai.[FN4]

The motion seeking the appointment of the Public Administrator as the temporary fiduciary of the above-captioned estates was argued on February 1, 2024 before the undersigned. The relief sought in the motion was granted by order dated February 2, 2024. Petitioner filed a motion to reargue and the motion was denied by Decision and Order dated April 29, 2024.
A trial date was set for July 15, 2024, which was later adjourned at petitioner's request to [*3]October 28, 2024.
Discussion:
The court must be satisfied independently with "the genuineness of the will and the validity of its execution" before the propounded instrument is admitted to probate. (SCPA §1408(1)). For the execution to be considered valid, it must meet all of the formal requirements enumerated in EPTL §3-2.1, which state the testator must: (1) sign at the end of the will; (2) sign in the presence of at least two witnesses; (3) make known to the witnesses that the instrument is his will; and (4) request each person to act as an attesting witness. (EPTL §3-2.1; PJI 7:45).
The petitioner bears the burden of offering sufficient evidence to prove the formal requirements have been met with respect to the execution of the propounded instrument. For the reasons set forth below, this Court finds that the petitioner has not met her burden.
Upon examination of the propounded instrument, which was filed with the Court on June 28, 2020 and marked as "Court Exhibit I," there appears to be glaring irregularities. The first page of the propounded instrument is of irregular size, light brown in color, and contains typewritten text which takes up the entire page and bears the purported signature of the decedent at the bottom. The second page of the propounded instrument is 8 ½ by 11 inches, white, and contains the signatures of Mary Shabtai a/k/a Miriam Shabtai ("Mary Shabtai") and Devora Shabtai as purported witnesses at the very top of the page, with the remaining eighty percent of the page left blank. Neither the first nor the second page bear page numbers, the pages are not stapled or affixed to each other in any manner, and there are no marks that indicate a staple has been removed.
Further, Petitioner introduced a copy of the propounded instrument, which includes a third page with the signature of alleged attesting witness Robert Sherman, into evidence as "Petitioner's Exhibit 1." This copy of the propounded instrument was first filed with the Court on September 27, 2022, (which date is over two years after the initial filing by the petitioner) along with an Affidavit of Attesting Witness signed by Robert Sherman ("Petitioner's Exhibit 2(a)") and an Affirmation of Robert Sherman ("Petitioner's Exhibit 2(b)"). The third page, which only contains the signature of Robert Sherman at the very top, with the remainder of the page left blank, is the only page that is numbered, and appears to the naked eye to be in a different font than page 1 and page 2 of Court Exhibit I.
The appearance of the various pages alleged to make up the propounded instrument are not the only inconsistencies with respect to the evidence in the record and adduced at trial. The record reflects that there have been two probate petitions filed with the Court. The first verified probate petition filed by petitioner with the Court, marked as "Respondent's Exhibit F," is dated July 13, 2020, and lists the attesting witnesses in Paragraph 3 as "Devora Shabtai." The second verified probate petition filed by the petitioner with the Court, marked as "Respondent's Exhibit G," is dated September 20, 2021, and lists the attesting witnesses in Paragraph 3 as: "Miriam Shabtai." Petitioner also produced a different version of a verified probate petition dated July 13, 2020 that she claims the Court sent back to her, which was marked as "Petitioner's Exhibit 4", and lists the attesting witnesses in Paragraph 3 as: "Devora Shabtai, Miriam a/k/a Mary [*4]Shabtai."[FN5]
When questioned on cross examination by respondent's counsel regarding who witnessed the execution of the propounded instrument, petitioner testified that there were two witnesses: Mary Shabtai and Robert Sherman. Respondent's counsel then inquired whether petitioner signed as a witness on the day the propounded instrument was executed, and petitioner's answer was "yes."
Not only are the petitions marked as Respondent's Exhibit F, Respondent's Exhibit G, and Petitioner's Exhibit 4 inconsistent, they also all lack any mention of Robert Sherman, the alleged third witness. The Court must conclude that the petitioner's failure to include Robert Sherman as a witness to the propounded instrument on two separate petitions (July 13, 2020 and September 20, 2021) proves by a preponderance of the evidence that the execution of the propounded instrument was not witnessed by Robert Sherman. Furthermore, the respondent's claim that the Court lost the third page of the propounded instrument is contradicted by Robert Sherman's statement in his affidavit (Petitioner's Exhibit 2(b)) in which he states, "On July 22, 2019, I was a witness to the Will of Shimon Shabtai, however since Devora Shabtai was not able to find the page with my signature on it, I did not come forward."
In his testimony, Robert Sherman also was unable to recall many of the details of the execution ceremony that allegedly took place on July 22, 2019, and he did not offer any testimony as to who the draftsperson was or other incidental information as to the execution of the purported will.[FN6]

Although not the subject of this trial, this Court is disturbed by the petitioner's testimony regarding the sworn statements she made in the guardianship petition she filed with respect to the decedent, marked in evidence as "Respondent's Exhibit A." In paragraph 4 of Respondent's Exhibit A, petitioner states that the decedent "speaks broken English and cannot read and write English even though he has been in the United States for over 50 years." However, petitioner testified at trial that the decedent "spoke [English] like a sixth grader," and Robert Sherman testified that the decedent spoke English as well as Hebrew. In Respondent's Exhibit A, paragraph 11, petitioner states that "my father is very depressed and needs psychiatric help," and in paragraph 12 states that "my father has dementia, short term memory ", and in paragraph 13 states "both my parents have dementia and are not aware of their surroundings. They are not able to make decisions for themselves." When cross-examined regarding these sworn statements, petitioner testified that she "made a mistake," she meant to say "demented" rather than "dementia" and that interchanging these two terms is a "play on words", that her father was "demented" because he had a heart condition and was incoherent, and that when she filed the guardianship petition she didn't know what she was doing. However, she did state that she did not make any qualification in the petition that she was "unsure" and she swore to the truth of the contents of the petition by signing her name before a notary public. Petitioner consistently maintained that the sworn statements made in the guardianship petition should be given no weight because she is "not a doctor" and that she thought the Court would "bring in a doctor" [*5]and "not trust everything she said." The Court needs no further proof that the petitioner lacks credibility than the petitioner herself testifying that the Court should not trust her sworn statements with respect to the decedent's mental capacity mere months after he allegedly executed the propounded instrument.
It has been made abundantly clear to the trier of fact, through the aforementioned evidence and testimony as well as several other misrepresentations and inconsistencies that came to light over the course of this trial, that neither the testimony of the petitioner nor Robert Sherman is credible. Without any credible testimony available regarding the execution of the propounded instrument from two of the alleged witnesses, Devora Shabtai and Robert Sherman, and the inability to adduce testimony from Mary Shabtai, petitioner has failed to prove the will was duly executed in conformity with the requirements set forth in EPTL §3-2.1. "Before admitting a will to probate, Surrogate's Court must be satisfied that the will has been validly executed, 'that the mind of the testator accompanied the act, and that the instrument executed speaks his [or her] language and really expresses his [or her] will.'" (Matter of Walker, 124 AD3d 970 [3d Dept 2015], quoting Rollwagen v Rollwagen, 63 NY 504, 517 [1876]). Due to the uncertainty surrounding the drafting and execution of the propounded instrument, this Court denies the admission of the propounded instrument to probate. (See Matter of Walker, 124 AD3d 970 [3d Dept 2015]; Rollwagen v Rollwagen, 63 NY 504, 517 [1876]; In re Estate of Salvan, 132 AD2d 662 [2d Dept 1987]). Accordingly, it is
ORDERED that respondent's motion to dismiss the petition filed by Devora Shabtai to probate the Last Will and Testament of Shimon Shabtai is granted; and it is further
ORDERED that the petition filed by the Devora Shabtai to probate the Last Will and Testament of Shimon Shabtai is dismissed; and it is further
ORDERED that probate of the propounded instrument filed with this Court by the petitioner, Devora Shabtai, as the Last Will and Testament of Shimon Shabtai is denied; and it is further
ORDERED that the temporary letters of Administration granted to the Public Administrator of Kings County are hereby revoked; and it is further
ORDERED that, in light of this Court's findings regarding Devora Shabtai's conduct and Zehavit Michael having expressed consent to the Public Administrator serving as the Administrator, full Letters of Administration of the Estate of Shimon Shabtai shall issue to the Public Administrator of Kings County.
This shall constitute the decision and Order of this Court.
Dated: December 2, 2024
Brooklyn, NY
E N T E R
Hon. Bernard J. Graham
Surrogate

Footnotes

Footnote 1:Miriam Shabtai post-deceased the decedent on December 26, 2020.

Footnote 2:Devora Shabtai had previously been represented by counsel and affirmatively chose to proceed pro se at trial.

Footnote 3:The Court rendered an oral decision on the record on October 30, 2024, which is more thoroughly discussed in this written decision.

Footnote 4:Respondent consented to the revocation of her Temporary Letters of Administration and the appointment of the Public Administrator as fiduciary of Shimon Shabtai and Mary Shabtai's estates.

Footnote 5:There is no record that this petition was ever filed with the Court.

Footnote 6:There has been no evidence introduced that the propounded instrument was attorney-drafted or that the execution ceremony was supervised by an attorney.