In the Matter of the Estate of JOHN MINERVINI, Deceased. PATRICIA PUGLIESE, Respondent; STEPHANIE KLEIN, Appellant.
[745 NYS2d 625] —Lahtinen, J.

Decedent executed a will at his attorney's office in April 1997. He died approximately two years later, survived by his wife, Janet Minervini, and two daughters, petitioner and respondent. The primary asset of decedent's estate was an autobody shop in which he had a 51% interest. The remaining 49% interest in the business was owned by petitioner, who worked with decedent in the business. Respondent had previously worked in the family business, but not since January 1997 when she moved out of the state. Decedent's will bequeathed his real property and his interest in the autobody business to petitioner, with a life estate of a one-half interest in such items to his wife. Respondent received a total of $5,000 under the will.

Petitioner, the named executor, offered the will for probate and respondent objected, alleging that the will was not properly executed, that decedent was not competent to make the will and that petitioner exerted fraud and undue influence over decedent. Following depositions, petitioner moved for summary judgment dismissing the objections and admitting the will to probate. Respondent cross-moved for summary judgment denying probate of the will. Surrogate's Court granted petitioner's motion and denied respondent's cross motion. Respondent appeals.

Although summary judgment must be exercised cautiously, it is proper in a contested probate proceeding where the proponent submits evidence establishing a prima facie case for probate and the objectant fails to raise any genuine factual issues (*see, Matter of Dietrich*, 271 AD2d 894; *see also, Matter of Young*, 289 AD2d 725). Here, the deposition testimony of the attorney who drafted the will, supervised execution and served as a witness, together with the testimony of the other witness, established that the will was consistent with decedent's intentions, the will was both read to and by decedent, decedent declared the instrument to be his will and he signed the will in the presence of the witnesses (*see,* EPTL 3-2.1 [a]). While decedent had executed a previous will with a different distribution scheme, such fact alone does not vitiate the validity of the subject will.

Respondent's contention that the will resulted from undue influence or fraud by petitioner is supported by only speculative allegations and not by evidence demonstrating triable issues (*see, Matter of Young, supra; Matter of Coniglio*, 242 AD2d 901). The fact that petitioner worked with decedent in the family business and may have made negative comments about respondent does not rise above total speculation regarding the impact, if any, that such relationship or comments had on

decedent. Indeed, petitioner submitted unchallenged evidence indicating that decedent was an independent person who remained actively involved in the family business until shortly before his death (*cf., Matter of Antoinette*, 238 AD2d 762).

Respondent's remaining arguments have been examined and rejected as totally without merit.

Crew III, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.