In the Matter of the Estate of CLAUDE C. LEACH, Deceased. PATRICIA S. SCHIBECI, Individually and as Executor of CLAUDE C. LEACH, Deceased, Respondent; RALPH LEACH, Appellant. [772 NYS2d 100]—

Mugglin, J. Appeal from an order of the Surrogate's Court of Chenango County (Sullivan, S.), entered March 28, 2003, which, inter alia, admitted to probate an instrument purporting to be the last will and testament of decedent.

Respondent, decedent's brother, asserts on appeal that Surrogate's Court erred in granting summary judgment admitting decedent's will to probate because issues of fact exist concerning lack of due execution of the will and decedent's lack of testamentary capacity.* Respondent further asserts that the court prematurely granted summary judgment without affording an opportunity to complete discovery. Finding lack of merit in any of these arguments, we affirm.

Summary judgment, while unusual in a contested probate proceeding, is nonetheless proper where the proponent establishes a prima facie case for probate and the objectant fails to raise a material triable issue of fact (see Matter of Seelig, 302 AD2d 721, 722 [2003]). Respondent's first argument, that issues of fact exist concerning lack of due execution, is premised on neither subscribing witness having a specific recollection of decedent signing the will. Both witnesses, the attorney who drafted the will and his secretary, were deposed. While neither could recall the particulars of this will signing, both testified that their will signing procedure never varied in that they were routinely in the client's presence while the client reviewed the document, declared it to be his or her last will and testament, and executed it; then, at the client's request while all three were present, they would sign as subscribing witnesses. Thereafter, both witnesses signed a self-executing affidavit, attached to the will, that evidences that the signing ceremony complied with the provisions of EPTL 3-2.1.

When an attorney drafts a will and supervises its execution, a presumption of regularity is raised that the will was properly executed (see Matter of Seelig, supra at 722; Matter of Rosen, 291 AD2d 562, 562 [2002]; Matter of Young, 289 AD2d 725, 727 [2001]; Matter of Finocchio, 270 AD2d 418, 418 [2000]; Matter of Esberg, 215 AD2d 655, 655 [1995]). A self-executing affidavit also "creates a presumption that the will was duly executed and

---

* Although respondent also argued before Surrogate's Court that the will was a product of fraud and undue influence, his failure to address those issues in his brief constitutes an abandonment (see Gibeault v Home Ins. Co., 221 AD2d 826, 827 n 2 [1995]).

constitutes prima facie evidence of the facts therein attested to by the witnesses" (*Matter of Clapper*, 279 AD2d 730, 731 [2001]). Notably, this presumption cannot be overcome merely because the attesting witnesses are not able to specifically recall the will execution (*see Matter of Collins*, 60 NY2d 466, 468 [1983]; *Matter of Finocchio, supra* at 418-419). Not being able to remember the details of the execution ceremony is "not the same as testifying that the formalities described in the attestation clause did not occur" (*Matter of Ruso*, 212 AD2d 846, 847 [1995]).

Respondent's second argument concerning lack of due execution is based on his claim that the attorney did not testify that the subscribing witnesses signed in the presence of each other and in decedent's presence. This argument is totally refuted by the record and can only be advanced based on a highly selective reading of the deposition. Therefore, as petitioner has met her burden of establishing, prima facie, due execution of the will (*see Matter of Parravani*, 211 AD2d 965, 966 [1995]), the burden shifted to respondent to demonstrate a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]). Respondent has submitted no evidence to demonstrate the existence of such an issue.

Next, with respect to testamentary capacity, the proponent of a will has the burden of establishing (1) that the decedent understood the nature and consequences of executing a will, (2) that the decedent knew the nature and extent of the property that he or she was disposing of, and (3) that the decedent knew the natural objects of his or her bounty, and his or her relations with them (*see Matter of Kumstar*, 66 NY2d 691, 692 [1985]; *Matter of Fish*, 134 AD2d 44, 46 [1987]). Initially, we observe that the affidavit of the attesting witnesses creates a presumption of testamentary capacity (*see Matter of Clapper, supra* at 731). Here, the attorney testified that he was aware that decedent had a brother and that the brothers were not close. Also, he testified that, as part of the usual routine for preparation and execution of a will, he would ascertain information regarding the testator's family, his or her assets and the desired disposition of those assets. Moreover, decedent's medical records, reviewed in camera by Surrogate's Court, contain no indicia of any mental infirmity of decedent at the time that he executed the will. The totality of this evidence shifted the burden to respondent to produce evidence creating a genuine triable issue of fact. Again, he offered no competent admissible evidence which would warrant a trial of this issue.

Lastly, in asserting that summary judgment was granted

prematurely, respondent repeats his arguments concerning lack of due execution and lack of testamentary capacity and asserts, without explanation, that discovery is incomplete because he has not deposed the named beneficiaries or the alternate executor. Respondent's speculation that deposing them might uncover some evidence to help prove his case is insufficient to invoke the provisions of CPLR 3212 (f) (*see Allen v Vuley*, 223 AD2d 868 [1996]).

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.