■ In the Matter of the Estate of FLOYD W. JOHNSON, Deceased. AMY SHERMAN, as Executor of FLOYD W. JOHNSON, Deceased, Appellant; POLLY MCGEACHIE et al., Respondents.
[775 NYS2d 107]—

Lahtinen, J. Appeal from an order of the Surrogate's Court of Franklin County (Main, Jr., S.), entered June 10, 2003, which denied petitioner's motion for summary judgment dismissing respondents' objections to decedent's will.

Decedent died in November 2002 at the age of 65 leaving a will executed in October 2001. He had no biological children, but had been involved in raising the two daughters of his

predeceased wife, respondents herein. Petitioner, a daughter of one of the respondents, was named executor in the will and was the primary beneficiary. When she offered the will for probate, respondents objected, alleging that the will was not properly executed, decedent lacked testamentary capacity and petitioner exercised undue influence and fraud upon decedent. Following discovery, petitioner moved for summary judgment dismissing the objections. Surrogate's Court denied the motion and this appeal by petitioner ensued.

Initially, we note that the will was executed under the supervision of an attorney and the self-executing affidavit of the two witnesses establishes compliance with the requirements of EPTL 3-2.1. In light of this uncontested evidence, respondents have now withdrawn their contention that the will was not properly executed.

Next, we address whether there are factual issues regarding decedent's testamentary capacity. The proponent of a will bears the burden of proving testamentary capacity, and relevant considerations in such regard include " '(1) whether [decedent] understood the nature and consequences of executing a will; (2) whether [decedent] knew the nature and extent of the property [decedent] was disposing of; and (3) whether [decedent] knew those who would be considered the natural objects of [decedent's] bounty and [decedent's] relations with them' " (*Matter of Kumstar*, 66 NY2d 691, 692 [1985], quoting *Matter of Slade*, 106 AD2d 914, 915 [1984]). We have recently held that a self-executing affidavit such as was executed here "creates a presumption of testamentary capacity" (*Matter of Leach*, 3 AD3d 763, 765 [2004]). In the affidavit, the witnesses to the execution of the will stated, among other things, that they observed no physical or mental impairment that would affect decedent's capacity to make a valid will. Moreover, decedent's will made reference to specific property that he owned and it made gifts to respondents in which they were each correctly described as his "late wife's daughter." In leaving respondents modest gifts, he added, "I make this will in this manner as a result of the way in which I have been treated by [respondents]." In addition to petitioner and respondents, decedent also made gifts to his deceased wife's grandchildren and great grandchildren. An affidavit from a nonparty neighbor indicated that decedent was easily manipulated and often dependent on others for care. These observations, while relevant to the issue of undue influence and fraud, do not establish a triable issue regarding capacity. Nor do we find within the selected medical records included in the record sufficient evidence to create a tri-

able issue as to decedent's testamentary capacity (*see generally* 38 NY Jur 2d, Decedents' Estates § 352). Indeed, many of these medical records predate decedent's June 1996 will, which respondents urge should be accepted instead of the October 2001 will. Respondents failed to produce competent proof creating a factual issue regarding decedent's testamentary capacity.

We do, however, find triable issues regarding the allegations of undue influence and fraud. A long-time neighbor of decedent described him as "very naive, gullible and easily manipulated" and further stated that, prior to the death of decedent's wife, petitioner and her boyfriend "totally ignored" decedent. However, after his wife died, they took a sudden "deep interest" in him. They moved into his home and respondents averred that, thereafter, decedent stopped communicating with them despite the fact that they had previously provided him with frequent assistance. He allegedly became dependent upon petitioner for, among other things, his medicine. According to one of the respondents, petitioner's boyfriend stated on the evening of decedent's death that he and petitioner had "fixed it" so that she got what she deserved in decedent's will. Petitioner was not mentioned in the 1996 will, but in the 2001 will she was the executor, received all of decedent's real property, a portion of his personal property and was the sole residuary beneficiary. This evidence presents triable issues regarding the allegations of undue influence and fraud (*cf. Matter of Clapper*, 279 AD2d 730, 732 [2001]).

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied petitioner's motion for summary judgment dismissing the objections based upon proper execution and testamentary capacity; motion granted to that extent and said objections dismissed; and, as so modified, affirmed.