In the Matter of the Estate of HOWARD J. FAIRBAIRN, Deceased. BARBARA L. FAIRBAIRN, Respondent; RICHARD FAIRBAIRN, Appellant. [780 NYS2d 40]—

Lahtinen, J. Appeal from an order of the Surrogate's Court of Delaware County (Becker, S.), entered September 11, 2003, which granted petitioner's motion for summary judgment dismissing the objections to decedent's will and admitted the will to probate.

Respondent, one of decedent's two children, asserts, among other things, that there are factual issues as to whether decedent possessed testamentary capacity when he executed his 1997 will and whether decedent's will was the result of undue

influence or fraud exerted by petitioner. Following the death of decedent's first wife, he and petitioner entered into a prenuptial agreement and then were married in December 1991. The prenuptial agreement provided, in part, that each party renounced the right of election (*see* EPTL 5-1.1) and that "whatever dispositions left to other in the Will or codicil shall be dispositive and determinative of any distribution of the estate of the one first dying." In June 1997, decedent executed a will in which he, among other things, appointed petitioner executor and bequeathed to her certain real and personal property that allegedly comprised a significant portion of his estate. The will named respondent as a residuary beneficiary and also gave him all stock in a business owned by respondent and decedent. Decedent died in May 2002 and, thereafter, petitioner offered the 1997 will for probate. Respondent filed objections claiming improper execution, lack of testamentary capacity and that petitioner exercised undue influence and fraud upon decedent. Following extensive discovery, including taking depositions upon oral questions of numerous individuals, petitioner moved for summary judgment dismissing the objections. Surrogate's Court granted the motion and admitted decedent's will to probate. Respondent appeals.

We affirm. "Although summary judgment must be exercised cautiously, it is proper in a contested probate proceeding where the proponent submits evidence establishing a prima facie case for probate and the objectant fails to raise any genuine factual issues" (*Matter of Minervini,* 297 AD2d 423, 424 [2002] [citations omitted]; *see Matter of Seelig,* 302 AD2d 721, 722 [2003]).* Respondent's argument that decedent lacked testamentary capacity is meritless. "[T]he affidavit of the attesting witnesses create[d] a presumption of testamentary capacity" (*Matter of Leach,* 3 AD3d 763, 765 [2004]; *see Matter of Johnson,* 6 AD3d 859, 860 [2004]) and, moreover, petitioner presented compelling proof clearly establishing each of the germane elements regarding testamentary capacity (*see Matter of Clapper,* 279 AD2d 730, 732 [2001]). Multiple witnesses, including the attesting witnesses, all of whom knew decedent at the relevant time, testified that he had a sharp mind, regularly transacted real estate deals, carried on his own successful business affairs, handled his own financial transactions, and was totally competent and wished to put his affairs in order. Decedent had indicated that he wanted to make sure petitioner was taken care of and that

---

* Respondent's contention, made before Surrogate's Court, that the will was not properly executed has been abandoned by his failure to address that issue in his brief (*see Matter of Leach,* 3 AD3d 763, 764 n [2004]).

she would not have any problems with respondent after his death. The testimony of the attorney who drafted the will further confirmed decedent's capacity, as does the evidence reflecting the fact that he was fully cognizant of his property and the natural objects of his bounty. Respondent submitted "no competent admissible evidence which would warrant a trial of this issue" (*Matter of Leach, supra* at 765).

There is no merit to respondent's contention that the will was the result of undue influence or fraud. This contention is supported, at best, by "speculative allegations" of respondent (*Matter of Minervini, supra* at 424) and does not create any viable factual issue regarding the elements necessary for undue influence or fraud (*see Matter of Brower,* 4 AD3d 586, 587 [2004]; *Matter of Clapper, supra* at 732). Indeed, the attorney testified that during his discussions with decedent regarding his will, petitioner, while present, did not interject or make any comments. Nor is there proof that petitioner otherwise engaged in any conduct that could arguably be characterized as undue influence or fraud. While petitioner and decedent had a prenuptial agreement that permitted less than an elective share, such fact alone—unsupported by any other competent evidence—does not create a triable issue merely because more than the elective share is subsequently given in a will.

The remaining arguments have been considered and found unpersuasive.

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.

