■ In the Matter of the ESTATE OF CHARLES M.R. HUTCHINSON, Deceased. DAVID O. FULLER JR., Respondent-Appellant; HERBERT E. NASS et al., as Temporary Administrators of the Estate of CHARLES M.R. HUTCHINSON, Deceased, et al., Appellants-Respondents, and DANIEL CRESPI et al., Respondents-Appellants. [785 NYS2d 590]—

Lahtinen, J. Cross appeals from an order of the Surrogate's Court of Sullivan County (Ledina, S.), entered February 27, 2004, which, inter alia, denied the cross motion of respondent Herbert E. Nass for summary judgment dismissing the probate petition.

Surrogate's Court found factual issues for trial as to whether decedent's purported will, which was allegedly signed in a Manhattan café in front of decedent's long-time companion and an acquaintance, was duly executed. Decedent was an Australian citizen who had resided in New York since the mid-1980s and died in Sullivan County on April 23, 1999. The examination before trial testimony of Marion Kaselle, decedent's companion, supported due execution of the will. However, the other witness, Vera Manzi-Schacht, while initially supporting proper attestation in a May 1999 affidavit, later denied certain key elements of attestation in an October 2002 affidavit. When Manzi-Schacht was examined before the court pursuant to SCPA 1404 in May 2003, she asserted her 5th Amendment privilege as to all questions regarding attestation. Nevertheless, she thereafter submitted an affidavit in November 2003, when the motions that underlie this appeal were pending, in which she stated that her signature was on the will, but she added that she neither saw decedent sign the will nor did he acknowledge his signature to her. In support of their motion to dismiss the petition for probate of the will, respondents produced, among other things, an affidavit from one of decedent's children opining that the signature on the will was not decedent's.

Respondents' objections based upon lack of capacity, undue influence and fraud were dismissed by Surrogate's Court and those issues have not been pursued on appeal. With respect to the challenge to due execution, the court disregarded Manzi-Schacht's November 2003 affidavit since it was executed after

she had asserted her 5th Amendment privilege, depriving petitioners of the right to cross-examine her on the relevant issue. The court treated Manzi-Schacht's invocation of her 5th Amendment privilege as the equivalent of a witness to the will being absent under subdivision (1) of SCPA 1405. Pursuant to such subdivision, the court further determined that Kaselle's testimony established a prima facie case that the will was executed in accordance with the requirement of EPTL 3-2.1. However, in light of the affidavit of decedent's son questioning the authenticity of decedent's signature on the will, the court denied petitioners' request to dismiss the objection challenging due execution. Petitioners and respondents cross-appeal.

Initially, we find no error in Surrogate's Court's determination not to consider the November 2003 affidavit of Manzi-Schacht. The 5th Amendment privilege is a "shield against compulsory self-incrimination," not a sword to wield selectively (*United States v Rylander*, 460 US 752, 758 [1983]; *see People v Rothschild*, 35 NY2d 355, 359 [1974]). Manzi-Schacht's November 2003 affidavit addressed some issues upon which she had refused to testify six months earlier under protection of the 5th Amendment. While Manzi-Schacht certainly could have elected to waive her 5th Amendment privilege and answer questions relevant to the execution of the will, there is no indication in her affidavit that she is now amenable to such questioning. Instead, she selectively addressed a few of the many issues about which she had previously refused to testify. In light of the unusual circumstances with which it was presented, the refusal of Surrogate's Court to consider Manzi-Schacht's affidavit was not improper.

Next, we consider whether Kaselle's testimony, alone, is sufficient to establish a prima facie case of due execution. Subdivision (1) of SCPA 1405 permits a will to be admitted to probate upon the testimony of one witness, "without further or additional proof," upon the "death, absence from the state or incompetency" of the other witness. If, however, one witness "has forgotten the occurrence or testifies against the execution of the will," the will may be admitted upon the testimony of the other witness and "such other facts as would be sufficient to prove the will" (SCPA 1405 [3]; *see Matter of Collins*, 60 NY2d 466, 470-473 [1983]). The issue distills to whether subdivision (1) or (3) of SCPA 1405 should control when one witness submits conflicting affidavits and then invokes the 5th Amendment when called to testify. In our view, the submission of conflicting affidavits followed by a refusal to testify falls more closely in line with a witness who has "forgotten the occurrence" (SCPA

1405 [3]). Accordingly, we conclude that, for decedent's will to be admitted to probate, Kaselle's testimony must be accompanied by "such other facts as would be sufficient to prove the will" (SCPA 1405 [3]).

Determining what constitutes sufficient "other facts" is sui generis, and a wide range of proof may be considered (*see* 2-41 Warren's Heaton, Surrogates' Courts § 41.10 [3] [a] [2004]; *see also Matter of Collins, supra*). The current record does not establish sufficient "other facts" to support petitioners' contention that the will should be admitted to probate as a matter of law, nor does it compel the converse conclusion urged by respondents, that the petition must fail without a trial. Credibility of witnesses must be weighed and permissible inferences considered by the trier of fact. Hence, while we agree with Surrogate's Court that factual issues remain regarding due execution, we reverse so much of its order as found a prima facie case for due execution under subdivision (1) of SCPA 1405. The applicable standard at trial is provided by subdivision (3) of SCPA 1405, thus requiring petitioners to produce "other facts" in addition to Kaselle's testimony tending to show due execution.

The remaining issues have been considered and found unpreserved for review, academic or unpersuasive.

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as applied SCPA 1405 (1) to find a prima facie case that the will was duly executed; matter remitted to the Surrogate's Court of Sullivan County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.