■ In the Matter of the Estate of AGNES S. FELLOWS, Deceased. CAROL A. THOMPSON, as Executor of AGNES S. FELLOWS, Deceased, Appellant-Respondent; JEFFREY A. FELLOWS, as Executor of LEE FELLOWS, JR., Deceased, Respondent-Appellant. [792 NYS2d 664]—

Mugglin, J. Appeals (1) from an order of the Surrogate's Court of Broome County (Peckham, S.), entered July 25, 2003, which declared a right of election filed by respondent to be invalid, (2) from an order of said court, entered October 9, 2003, which held that certain items of personal property did not vest in decedent's estate, and (3) from an order of said court, entered March 4, 2004, which partially denied petitioner's motion for summary judgment dismissing the objections to probate.

Agnes S. Fellows (hereinafter decedent) and Lee Fellows, Jr. (hereinafter Fellows) married in 1982. Both were previously married and both are survived by children of their first marriages. Petitioner, who offers decedent's 1993 will for probate, is decedent's daughter. Unlike the will that decedent executed in 1988, the 1993 will leaves the residue of decedent's estate to petitioner. Fellows, prior to his death in April 2003, filed multiple objections to the probate of the 1993 will. Prior to a determination on the probate petition, respondent, who became the executor of Fellows' estate upon Fellows' death, attempted to exercise Fellows' right of election against decedent's estate. By order entered in July 2003, Surrogate's Court denied respondent's application determining that respondent did not have the authority to exercise Fellows' right of election. Petitioner thereafter moved for summary judgment dismissing respondent's objections to probate. In March 2004, Surrogate's

Court, finding that the affidavits of Fellows' two sons raised issues of fact as to undue influence, denied petitioner's motion to that extent, but granted said motion with respect to the objections based on due execution, capacity and fraud. Respondent appeals these two orders.*

To deny probate on the basis of undue influence, an objectant must establish that: "the influence exercised amounted to a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the testator to do that which was against his [or her] free will and desire, but which he [or she] was unable to refuse or too weak to resist" (*Children's Aid Socy. of City of N.Y. v Loveridge*, 70 NY 387, 394 [1877]). Undue influence of this nature must be shown by establishing motive, opportunity, and the actual exercise of that undue influence (*see Matter of Walther*, 6 NY2d 49, 55 [1959]; *Matter of Fiumara*, 47 NY2d 845, 846 [1979]).

As Surrogate's Court recognized, motive is almost always present and is here established by the benefit that petitioner received as the sole residuary beneficiary. The other elements are much more problematic. The record establishes that petitioner lived out of state, was not present when the will was executed, had no input with respect to its contents and, indeed, had no knowledge of the contents until receiving an e-mail from decedent in 2000. The record does reflect, however, that a family rift developed during a 1991 visit by petitioner and her family with decedent and Fellows because of the latter's statement that petitioner simply used her mother as a free babysitting service. Because of this and a second event where petitioner allegedly told decedent that she was "disappointed" after decedent scolded her children, Fellows' two sons claim that decedent was fearful that she would be denied access to her grandchildren. Lacking any direct evidence that petitioner, in fact, either threatened to or did deny access to her children or that decedent changed her will as a result, respondent argues that circumstantial evidence exists sufficient to require a trial. According to respondent, this circumstantial evidence consists of the close personal relationship between mother and daughter, that the resulting will is unfair or unjust in its provision for Fellows and that the resulting will is considerably different in intention than the intention expressed in a previous will.

---

* Respondent also appealed from an order entered October 9, 2003. Respondent's brief fails to address the issue of exempt property disposed of by this order and, thus, this issue is abandoned (*see Grieco v Grieco*, 307 AD2d 488, 488 n [2003]).

While undue influence may be proven through circumstantial evidence, that evidence must be significant (*see Matter of Soltys*, 199 AD2d 846, 848 [1993]; *Matter of Elmore*, 42 AD2d 240, 241 [1973]). The fact that decedent and petitioner were mother and daughter is not such a significant factor. The fact that the will left Fellows less than his intestate share, while on its face might seem to be unfair, is explained by the affidavit of decedent's attorney who advises that decedent changed her testamentary plan after discovering that Fellows had a "gambling problem" and had already received, surreptitiously, more of her assets than his fair share. Further, on the issue of the expression of a changed testamentary intention, we note that the previous will is not free from doubt. In her 1988 will, the residue of her estate was distributed half to petitioner and half for college scholarships for Union Endicott High School graduates "[i]f my husband, LEE FELLOWS, does not survive me." While it is possible that this provision might be construed to leave the residue to Fellows if he did survive her, it does not specifically do so and does not represent any considerably different intention as to him than that expressed in the will being offered for probate. In our view, that leaves *only* the self-serving affidavits of Fellows' two sons and, as their testimony would be barred by CPLR 4519, no issue of fact concerning undue influence remains for trial (*see Albany Sav. Bank v Seventy-Nine Columbia St.*, 197 AD2d 816, 817 [1993]). Therefore, the March 2004 order partially denying petitioner's motion for summary judgment must be modified to dismiss the undue influence objection.

With respect to the appeal from the July 2003 order, respondent recognizes that the right of election against a will is a personal right which dies with the surviving spouse (*see Matter of Wurcel*, 196 Misc 2d 796, 797-799 [2003]; *Matter of Crane*, 170 Misc 2d 97, 99-102 [1996]). Respondent argues, however, that the rule is antiquated and ignores the current reality of joint contribution that is recognized in other aspects of the law, particularly equitable distribution. In our view, EPTL 5-1.1-A makes clear that the right of election is personal to a surviving spouse and may not be exercised by anyone else except certain representatives of incompetent surviving spouses (*see* EPTL 5-1.1-A [c] [3]). Under the circumstances, the Legislature is deemed to have specifically and intentionally excluded the right of the estate of a surviving spouse to exercise the right of election (*see Weingarten v Board of Trustees of N.Y. City Teachers' Retirement Sys.*, 98 NY2d 575, 584 [2002]). Thus, we conclude that Surrogate's Court properly determined that the notice to exercise the right of election was invalid.

Cardona, P.J., Crew III, Rose and Kane, JJ., concur. Ordered

that the orders entered July 25, 2003 and October 9, 2003 are affirmed, without costs. Ordered that the order entered March 4, 2004 is modified, on the law, without costs, by reversing so much thereof as partially denied petitioner's motion; motion granted in its entirety and decedent's will is admitted to probate; and, as so modified, affirmed.