■ In the Matter of the Estate of DOROTHY GREENWALD, Deceased. CAROL LAURA BENDER, as Executor of DOROTHY GREENWALD, Deceased, Respondent; PAUL L. GREENWALD, Appellant. [849 NYS2d 346]—

Peters, J. Appeal from an order of the Surrogate's Court of Sullivan County (Ledina, S.), entered February 15, 2007, which granted petitioner's motion for summary judgment dismissing respondent's objections to decedent's will and codicil and admitted the will and codicil to probate.

Dorothy Greenwald (hereinafter decedent) died December 31, 2004, predeceased by her husband. She was survived by petitioner, who is her daughter, and her two sons, Richard Greenwald and respondent. It appears that decedent's 1999 will named all three children alternate coexecutors and provided that the estate, valued at the time of decedent's death at over $1 million, was to be equally divided among the three children if decedent's husband predeceased her. A new will was made by decedent on December 16, 2000, solely naming petitioner as the alternative executor. A codicil to that will, dated January 4, 2001, added a no contest clause, as well as a provision giving "all of the furniture, furnishings, and articles of personal use" located in decedent's home to petitioner. In no other way was the distribution scheme of the 1999 will altered. Yet, when petitioner presented the will and codicil for probate, respondent filed objections alleging that they were procured by fraud and undue influence.[1] Following extensive discovery, which included depositions of Lyle Berlin and Allen Nimetz, witnesses to the will, William Rosen, the attorney who prepared the will and codicil, and Joan Summa, the receptionist who witnessed the

---

[1] The objections never claimed that either the will or the codicil was not properly executed or that decedent was not competent to make them.

execution of the codicil, petitioner moved for summary judgment. Surrogate's Court granted that motion, prompting this appeal.[2]

Summary judgment may be awarded in a contested probate proceeding if a prima facie case for probate is established and the objectant fails to raise a triable issue of fact (*see Matter of Seelig*, 13 AD3d 776, 777 [2004], *lv denied* 4 NY3d 707 [2005]; *Matter of Fairbairn*, 9 AD3d 579, 580 [2004], *lv denied* 3 NY3d 612 [2004]; *Matter of Minervini*, 297 AD2d 423, 424 [2002]).

Solely addressing the contention of undue influence, an objectant has to show that "the acts of the influencing party are . . . effectively mak[ing] it his [or her] will and not the will of the decedent" (*Matter of Klitgaard*, 83 AD2d 651, 651 [1981]). Hence, " 'the influence exercised [must] amount[ ] to a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the testator to do that which was against his [or her] free will and desire, but which he [or she] was unable to refuse or too weak to resist' " (*Matter of Fellows*, 16 AD3d 995, 996 [2005], quoting *Children's Aid Socy. of City of N.Y. v Loveridge*, 70 NY 387, 394 [1877]). To be successful, motive, opportunity and the actual exercise of undue influence must be established (*see Matter of Fellows*, 16 AD3d at 996).

Petitioner sustained her prima facie burden to establish her entitlement to an award of summary judgment. Her proffer consisted of the attestations and testimony from the witnesses to the will and codicil, as well as the family attorney who drafted both documents, confirming that decedent was competent to make a will and not acting under any restraint. As the consistency of this testimony established that decedent appeared to be acting voluntarily, free of any duress or force exerted upon her by anyone, the burden shifted to respondent to raise a triable issue of fact (*see Matter of Seelig*, 13 AD3d at 777; *Matter of Fairbairn*, 9 AD3d at 580; *Matter of Minervini*, 297 AD2d at 424).

The crux of respondent's contention is that decedent and her husband resided with petitioner from September 2000 to April 2001, the time frame in which the challenged documents were drafted and executed. Respondent contends that petitioner must be found to have exercised undue influence over decedent because petitioner was the one who contacted the family's attorney to prepare both documents. Petitioner's testimony, as

---

2. Respondent abandoned the allegation that decedent's will and codicil were procured by fraud (*see Costa v Callahan*, 41 AD3d 1111, 1117 [2007]).

well as her substantial proffer, confirmed that she was merely the conduit to effectuate decedent's desires. Respondent proffered not a scintilla of evidence to establish any of the elements necessary to raise a triable issue of fact to support his claim of undue influence, especially considering the minor changes made to the distribution scheme in the prior will (*see Matter of Walther*, 6 NY2d 49, 54 [1959]).

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.