■ In the Matter of the Estate of FLORENCE SCACCIA, Deceased. DAVID SCACCIA et al., as Coexecutors of FLORENCE SCACCIA, Deceased, Respondents; DANTE M. SCACCIA, Appellant. [— NYS2d —]—

Peters, J.P. Appeals (1) from an order of the Surrogate's Court of Albany County (Doyle, S.), entered June 13, 2007, which denied respondent's motion to compel certain disclosure, (2)

from an order of said court, entered November 1, 2007, which, among other things, partially granted petitioners' motion to preclude certain evidence, (3) from an order of said court, entered November 7, 2007, which denied respondent's motion for a protective order, (4) from an order of said court, entered June 16, 2008, which, among other things, granted petitioners' motion to preclude certain evidence, and (5) from an order of said court, entered November 25, 2008, which granted petitioners' motion for, among other things, summary judgment dismissing respondent's objections to decedent's will and admitted the will to probate.

Upon her death in 2004, decedent was survived by two brothers, respondent and petitioner David Scaccia. Her will, dated July 10, 2000, named Scaccia and his son, petitioner Christopher Scaccia, as coexecutors of the estate and divided her residuary estate equally between her three nephews and two nieces. After petitioners offered the will for probate, respondent served discovery requests upon petitioners. At a March 2005 conference, the parties reached an agreement with respect to discovery material and scheduled examinations pursuant to SCPA 1404.

In May 2005, respondent filed objections contending that the will was not properly executed, decedent lacked testamentary capacity and the will was procured by fraud and undue influence. Shortly thereafter, respondent moved to compel production of certain materials previously sought, including inventories of every box containing correspondence and records of decedent, disclosure of a bank account of decedent allegedly established for expenses after her death, copies of all of decedent's tax returns and a complete list of her assets. Surrogate's Court, finding that petitioners had already produced everything they had, denied the motion in an order entered June 13, 2007 and ordered that discovery be completed within 30 days.

In September 2007, petitioners moved to preclude respondent from offering evidence at trial based upon his alleged refusal to comply with their discovery demands and demand for a bill of particulars. Respondent then cross-moved to vacate petitioners' demand for a bill of particulars as improper and unduly burdensome. By order entered November 1, 2007, Surrogate's Court denied respondent's cross motion as untimely and, finding respondent's objections to petitioners' discovery demands to be without merit, conditionally granted preclusion in the event that respondent failed to comply with the demands within 10 days. In a November 7, 2007 order, the court, among other things, denied respondent's June 2007 motion for a protective order, rejecting respondent's assertion that petitioners had

failed to properly execute waivers of citation from certain beneficiaries of the estate.

In January 2008, petitioners again moved to preclude respondent from offering any evidence that was requested in their discovery demands on the ground that respondent had failed to comply with the demands within the 10-day time frame set forth in the November 1, 2007 conditional order. Respondent replied with yet another cross motion to vacate or modify all of petitioners' discovery demands, which included allegations, identical to those propounded in his previous motions, that petitioners had failed to produce all materials that were required of them. Surrogate's Court denied respondent's cross motion on the basis that it had previously rejected the assertions raised therein and, finding respondent's excuses for failing to comply with the conditional order of preclusion to be unavailing, granted petitioners' motion to preclude.

Thereafter, Surrogate's Court granted petitioners' motion for summary judgment dismissing respondent's objections. In so doing, the court found that respondent had failed to overcome the presumption of due execution and did not offer any competent evidence to support his claims of lack of testamentary capacity, undue influence and fraud. Respondent appeals.

Addressing respondent's contention that Surrogate's Court erred in concluding that petitioners had fully complied with his discovery demands, "[i]t is well settled that a trial court has broad discretionary power in controlling discovery and disclosure, and only a clear abuse of discretion will prompt appellate action" (*Allen v Krna*, 282 AD2d 946, 947 [2001] [internal quotation marks and citations omitted]; *see Doherty v Schuyler Hills, Inc.*, 55 AD3d 1174, 1175 [2008]; *McMahon v Aviette Agency*, 301 AD2d 820, 821 [2003]). Here, respondent has failed to make such a showing.

As requested, petitioners produced HIPAA releases and all of decedent's medical information known to them in relation to respondent's claim of lack of testamentary capacity, an inventory of decedent's safety deposit box and copies of the contents thereof, decedent's real estate records, a list of decedent's personal property with valuations by an appraiser, a detailed list of decedent's assets and certain other financial records of decedent. Respondent was also given numerous opportunities to inspect the contents of decedent's safe deposit box at the office of petitioners' counsel. Additionally, Frank Litz, the attorney who drafted the will, testified that there were no documents related to the creation and execution of the will itself. Simply put, there is no evidence that petitioners have access to or are with-

holding any of the requested documents, and a party cannot be compelled to produce documents which do not exist (*see Matter of Cargill v Goord*, 29 AD3d 1255, 1256 [2006]; *Moak v Raynor*, 28 AD3d 900, 904 [2006]). Thus, on this record, we decline to disturb Surrogate's Court's determination to accept petitioners' representation that they complied, to the extent possible, with respondent's discovery demands (*see Torian v Lewis*, 90 AD2d 600, 601 [1982]).

Nor do we find that Surrogate's Court abused its discretion in granting petitioners' motion to preclude. CPLR 3126 authorizes a trial court "to fashion an appropriate remedy when a party refuses to obey an order of disclosure or willfully fails to disclose information" (*Cavanaugh v Russell Sage Coll.*, 4 AD3d 660, 660 [2004]; *see Myers v Community Gen. Hosp. of Sullivan County*, 51 AD3d 1359, 1360 [2008]). "[T]he type and degree of the sanction imposed by the trial court will not be disturbed absent a clear abuse of the court's discretion" (*Matter of Pyramid Crossgates Co. v Board of Assessors of Town of Guilderland*, 287 AD2d 866, 870 [2001], *lv dismissed* 98 NY2d 634 [2002]; *see Greaves v Burlingame*, 12 AD3d 730, 731 [2004], *lv dismissed and denied* 5 NY3d 741 [2005], *lv dismissed* 5 NY3d 742 [2005]).

Respondent's overall pattern of noncompliance over a two-year period gave rise to an inference of willful and contumacious conduct on his part (*see Hesse Constr., LLC v Fisher*, 61 AD3d 1143, 1144 [2009]; *Cavanaugh v Russell Sage Coll.*, 4 AD3d at 661), and his proffered excuses for failing to comply within the time frame specified in the conditional order of preclusion were inadequate (*see Du Valle v Swan Lake Resort Hotel, LLC*, 26 AD3d 616, 617-618 [2006]; *Greaves v Burlingame*, 12 AD3d at 731). Accordingly, we conclude that Surrogate's Court acted within its broad discretion to sanction respondent with an order of preclusion (*see Olmsted v Pizza Hut of Am., Inc.*, 61 AD3d 1238, 1242 [2009]; *Colley v Romas*, 50 AD3d 1338, 1339 [2008]).

We now turn to respondent's challenges to the dismissal of his objections. While summary judgment in a contested probate case is not typical, it is nonetheless proper where the proponents submit evidence establishing a prima facie case for probate and the objectant fails to raise a material issue of fact (*see Matter of Colverd*, 52 AD3d 971, 972 [2008]; *Matter of Castiglione*, 40 AD3d 1227, 1229 [2007], *lv denied* 9 NY3d 806 [2007]; *Matter of Fairbairn*, 9 AD3d 579, 580 [2004], *lv denied* 3 NY3d 612 [2004]). Respondent's challenge to the execution of the will is without merit. The execution thereof was supervised by the attorney who drafted it, thus creating a presumption that the will

was properly executed (*see Matter of Pilon*, 9 AD3d 771, 772 [2004]; *Matter of Leach*, 3 AD3d 763, 764 [2004]). The self-executing affidavits accompanying the will and signed by the two attesting witnesses also creates a presumption of due execution and constitutes prima facie evidence of the facts therein attested to by the witnesses (*see Matter of Paigo*, 53 AD3d 836, 838 [2008]; *Matter of Castiglione*, 40 AD3d at 1228; *Matter of Clapper*, 279 AD2d 730, 731 [2001]). No responsive evidence demonstrating a triable issue of fact as to compliance with EPTL 3-2.1 was proffered (*see Matter of Leach*, 3 AD3d at 765). Notwithstanding respondent's assertions to the contrary, the presumption of due execution "cannot be overcome merely because the attesting witnesses are not able to specifically recall the will execution" (*id.*; *see Matter of Collins*, 60 NY2d 466, 468 [1983]; *Matter of Rosen*, 291 AD2d 562, 562 [2002]).

Next, with respect to testamentary capacity, the burden was upon petitioners to demonstrate that decedent "understood the consequences of executing the will, knew the nature and extent of the property being disposed of and knew the persons who were the natural objects of her bounty, and her relationship to them" (*Matter of Ruparshek*, 36 AD3d 998, 999 [2007]; *see Matter of Paigo*, 53 AD3d at 839). Here, the affidavit of the attesting witnesses stating that decedent was sound in mind and memory and in all respects competent to make a will created a presumption of testamentary capacity (*see Matter of Friedman*, 26 AD3d 723, 725 [2006], *lv denied* 7 NY3d 711 [2006]; *Matter of Johnson*, 6 AD3d 859, 860 [2004]). In addition, Litz testified that there was nothing unusual about decedent's appearance that would have caused him to question her mental capacity on the day of execution and that he would not have witnessed and signed the will had he suspected that she lacked testamentary capacity. Litz further testified that, at the time of the will's execution, decedent confirmed that the contents of the instrument reflected her express wishes from their initial consultation. Finally, petitioners demonstrated that decedent was aware of her finances and the natural object of her bounty. Having no spouse or children, decedent quite rationally left her entire residual estate to her nieces and nephews—the children of David Scaccia and respondent—in equal portions. Her will expressly provided that she was doing so because "my nieces and nephews have greater financial needs than my brothers do in their stage of life." This evidence was sufficient to shift the burden to respondent to produce evidence creating a triable issue of fact (*see Matter of Murray*, 49 AD3d 1003, 1005 [2008]; *Matter of Johnson*, 6 AD3d at 860). Again, respondent failed to do so.

Finally, there is no merit to respondent's contention that the will was the result of undue influence or fraud. As a result of the order of preclusion, respondent submitted no proof in support of these claims and his conclusory and speculative allegations are insufficient to create any viable factual issue (*see Matter of Colverd*, 52 AD3d at 973; *Matter of Brower*, 4 AD3d 586, 587 [2004]; *Matter of Minervini*, 297 AD2d 423, 424 [2002]).

Respondent's remaining arguments, to the extent not specifically addressed herein, have been considered and found to be without merit.

Rose, Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the orders are affirmed, with costs.