In the Matter of the Estate of ARTHUR BUCHTING, Deceased. BARBEL BUCHTING, Respondent-Appellant; CHRISTIAN BUCHTING et al., Appellants-Respondents. [975 NYS2d 794]—

Garry, J. Cross appeals from an order of the Surrogate's Court of Greene County (Pulver Jr., S.), entered August 29, 2012, which, among other things, admitted to probate an instrument purporting to be the last will and testament of decedent.

Petitioner is the surviving spouse of decedent, who died in August 2011, and respondents are decedent's surviving children from a previous marriage. In November 2011, petitioner commenced this proceeding seeking to admit a will to probate. Thereafter, the attorney who drafted the will and supervised its execution in April 2011 (hereinafter the supervising attorney) testified at an examination pursuant to SCPA 1404. The two attesting witnesses were also called, but upon taking the stand, both invoked their 5th Amendment rights against self-incrimination and refused to testify. Respondents filed objections based upon lack of due execution, lack of testamentary capacity and undue influence, and thereafter moved to dismiss the petition based upon petitioner's failure to establish due execution. Petitioner cross-moved for summary judgment dispensing with the testimony of the attesting witnesses and admitting the will to probate. Respondents opposed the cross motion, alleging, among other things, that summary judgment would be premature as discovery was incomplete. Surrogate's Court denied both motions, finding that petitioner had made out a prima facie case of due execution, but that summary judgment was improper because of conflicts in the evidence. Nonetheless, the court dismissed respondents' objections and admitted the will to probate. Respondents appeal and petitioner cross-appeals.

Surrogate's Court properly denied respondents' motion to dismiss the petition. To establish that the will was duly executed, petitioner was required to produce the attesting witnesses for examination unless the law permitted the court to dispense with their testimony (see SCPA 1404 [1]). The applicable statutes do not address the invocation of the privilege

against self-incrimination by attesting witnesses, but this Court has found that such an invocation is akin to a failure to recall the events surrounding a will's execution and, thus, that a will may be admitted to probate pursuant to SCPA 1405 (3) when one witness invokes the privilege, based on the testimony of the other witness or witnesses and sufficient other proof (see Matter of Hutchinson, 13 AD3d 704, 706-707 [2004]).

Respondents contend that, as both attesting witnesses invoked the privilege here, the requirement in SCPA 1405 (3) for the testimony of "at least [one] other attesting witness" was not satisfied.[1] However, the Court of Appeals has held that SCPA 1405 (3) was not intended to "revolutionize[ ] prior practice" by requiring at least one attesting witness to testify in favor of a will (Matter of Collins, 60 NY2d 466, 472 [1983]). Instead, in holding that a will may be admitted to probate under SCPA 1405 (3) when no attesting witness recalls its execution, the Court found that—consistent with prior law—the statute requires attesting witnesses to be "examined, and all relevant testimony elicited" (id. [citation omitted]) but does not impose requirements upon the substance of their testimony. Respondents' claim that an attesting witness who invokes the privilege after taking the stand during an examination pursuant to SCPA 1404 has not been "examined" for this purpose is inconsistent with this interpretation of SCPA 1405 (3) and with this Court's determination in Hutchinson. Further, to preclude the probate of a will as a matter of law because both attesting witnesses refuse to testify on constitutional grounds would come perilously close to drawing a prohibited inference from the invocation of the privilege by nonparties (see State of New York v Markowitz, 273 AD2d 637, 646 [2000], lv denied 95 NY2d 770 [2000]; Jerome Prince, Richardson on Evidence § 5-710 at 303 [Farrell 11th ed 1995]). The issue thus distills to whether there was sufficient other evidence to establish a prima facie case of due execution, and we find that there was.

The supervising attorney testified in detail about the execution of the will, describing a ceremony that satisfied the requirements of EPTL 3-2.1. A presumption of due execution arises where, as here, the execution of a will is supervised by the attorney who drafted it (see Matter of Walker, 80 AD3d 865, 866 [2011], lv denied 16 NY3d 711 [2011]; Matter of Doody, 79 AD3d

---

1. Contrary to petitioner's contention, the testimony of the supervising attorney does not satisfy this requirement; the record establishes that she was not an attesting witness.

1380, 1381 [2010]; *Matter of Leach*, 3 AD3d 763, 764 [2004]).[2] To rebut this presumption, respondents were required to offer "positive proof that the formal requirements of execution were not met" (*Matter of Pilon*, 9 AD3d 771, 772 [2004]). Here, no evidence contradicting the testimony of the supervising attorney was produced. A witness's failure to remember a will's execution is "not the same as testifying that the formalities . . . did not occur" (*Matter of Ruso*, 212 AD2d 846, 847 [1995]; *see Matter of Scaccia*, 66 AD3d 1247, 1251 [2009]), and neither is a refusal to testify based on constitutional privilege, particularly since—as previously noted—no negative inference may be drawn from such an invocation. Respondents challenge the veracity of the supervising attorney and argue, based upon various minor irregularities in the documents that she drafted, that she was unfamiliar with the necessary procedure—but these claims fail to provide the requisite affirmative proof. Thus, petitioner established a prima facie case of due execution that respondents did not rebut, and Surrogate's Court properly denied the motion to dismiss the petition and dismissed the due execution objection (*see Matter of Walker*, 80 AD3d at 866).

However, the remaining objections should not have been dismissed. At the close of the SCPA 1404 hearing, the parties agreed that their initial motions would be based upon "the record that is here"—that is, due execution—and depending upon the outcome of those motions, discovery on the remaining issues could follow. Consistent with this agreement, the parties' motions were limited to the issue of due execution.[3] Summary judgment is unusual in a contested probate proceeding (*see e.g. Matter of Castiglione*, 40 AD3d 1227, 1229 [2007], *lv denied* 9 NY3d 806 [2007]) and is premature lacking discovery. Respondents, who bore the burden of proof as to their undue influence objection (*see Matter of Colverd*, 52 AD3d 971, 973 [2008]), had not yet had an opportunity for discovery on this issue. Moreover, it was petitioner's burden to establish that decedent possessed the requisite testamentary capacity (*see Matter of Kum-*

2. Such a presumption may also arise when attesting witnesses sign a self-executing affidavit (*see e.g. Matter of Walker*, 80 AD3d at 866), but no such effect can be given to the statement allegedly signed by the attesting witnesses here. Such an affidavit has no independent probative effect when a party challenges it by demanding an SCPA 1404 examination (*see* Margaret V. Turano, Practice Commentaries, McKinney's Cons Laws of NY, Book 58A, SCPA 1406 at 266). Further, as respondents were deprived of the opportunity to examine the witnesses about the document by their invocation of the privilege, no presumption arises (*compare Matter of Hutchinson*, 13 AD3d at 705-706).

3. Petitioner did state briefly in a footnote that respondents had introduced no evidence on undue influence or testamentary capacity, but neither mentioned the objections nor addressed the respective burdens of proof.

*star*, 66 NY2d 691, 692 [1985]; *Matter of Walker*, 80 AD3d at 866), and she had not yet done so.[4] Accordingly, the will should not have been admitted to probate, and the matter must be remitted for further discovery.

Stein, J.P., McCarthy and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed respondents' objections based on undue influence and testamentary capacity and admitted the will to probate; matter remitted to the Surrogate's Court of Greene County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

4. Petitioner's argument that the supervising attorney's testimony established decedent's testamentary capacity was raised for the first time on appeal, and is thus not preserved (*see Matter of Walker*, 80 AD3d at 868 n).