*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 12, 2015                519311
_____

In the Matter of the Estate of
    WILLIAM G. CAMERON,
    Deceased.

CATHERINE CAMERON, as Executor
    of the Estate of WILLIAM G.              MEMORANDUM AND ORDER
    CAMERON, Deceased,
                    Respondent;

MICHAEL CAMERON,
                    Appellant.
_____

Calendar Date:  January 8, 2015

Before:  Peters, P.J., Lahtinen, McCarthy and Lynch, JJ.

_____

    John M. Scanlon, Binghamton, for appellant.

    Levene Gouldin & Thompson, LLP, Binghamton (Margaret J.
Fowler of counsel), for respondent.

_____

Lynch, J.

    Appeal from an order of the Surrogate's Court of Tioga
County (Keene, S.), entered September 19, 2013, which granted
petitioner's motion for summary judgment dismissing the
objections to decedent's will, and admitted the will to probate.

    While hospitalized for a terminal illness on August 23,
2011, William G. Cameron (hereinafter decedent) executed his
first and only will, leaving his estate to petitioner, his wife,
with a contingent bequest to his stepson should she predecease
him.  Petitioner was decedent's second wife.  The couple had been

married for 39 years, and held their assets jointly. The impetus for the will was an inheritance of approximately $500,000 that decedent was to receive from the estate of his mother, who had passed away earlier in the month. After decedent passed away in November 2011, petitioner filed a petition to probate the will. Respondent, one of decedent's three adult sons from his first marriage, filed a demand for a hearing pursuant to SCPA 1404 and objections, contending that the will was not duly executed (see EPTL 3-2.1), decedent lacked testamentary capacity and the will had been procured by fraud and undue influence. Both attesting witnesses, John Normile, the attorney who drafted the will and supervised the will execution ceremony, and Katrina Como, a social worker at the hospital, testified at the SCPA 1404 preliminary examination. In addition, petitioner was deposed after respondent filed objections to the will. Thereafter, Surrogate's Court granted petitioner's motion for summary judgment dismissing the objections and admitting the will to probate. Respondent appeals and we affirm.

Summary judgment in a contested probate case is proper only where the proponent establishes a prima facie case for probate and the objectant fails to raise a material issue of fact (see Matter of Scaccia, 66 AD3d 1247, 1250 [2009]). Since the execution of the will here was supervised by Normile, a presumption arises that the will was properly executed (see Matter of Shapiro, 121 AD3d 1454, 1455 [2014]; Matter of Buchting, 111 AD3d 1114, 1115-1116 [2013]; Matter of Scaccia, 66 AD3d at 1250-1251 [2009]). Further, the submission of the self-executing affidavits from both attesting witnesses also "creates a presumption of due execution and constitutes prima facie evidence of the facts therein attested to by the witnesses" (Matter of Scaccia, 66 AD3d at 1251; see Matter of Clapper, 279 AD2d 730, 731 [2001]). Moreover, both attesting witnesses confirmed that they were present throughout the ceremony and that decedent appeared of sound mind, signed and declared the document to be his will and requested that they witness his signature.

Normile testified that he drafted the will during the morning of August 23, 2011 pursuant to telephone instructions provided by petitioner. When he arrived at the hospital, Normile expressed surprise that decedent was sitting up in bed,

articulate and appeared to be healthy.  Normile explained that he reviewed the will with decedent, and discussed both his mother's estate and the fact that decedent was not naming his three sons in the will.  According to Normile, decedent also explained that he designated his stepson, who he raised from a young age, because they had a close relationship.  The only discrepancy in the testimony of Normile and Como was whether Como signed the self-proving affidavit at the hospital before a notary or, as Normile explained, two days later before a notary at his office.  This discrepancy is not sufficient to raise a question of fact as to due execution (see Matter of Collins, 60 NY2d 466, 468 [1983]; Matter of Scaccia, 66 AD3d at 1251; Matter of Leach, 3 AD3d 763, 765 [2004]).  On this evidence, Surrogate's Court properly determined that the will had been duly executed.  This proof also satisfied petitioner's burden of establishing that decedent possessed testamentary capacity (see Matter of Kumstar, 66 NY2d 691, 692 [1985]; Matter of Buchting, 111 AD3d at 1116; Matter of Walker, 80 AD3d 865, 866 [2011], lv denied 16 NY3d 711 [2011]; Matter of Scaccia, 66 AD3d at 1251).

We further find no merit to respondent's contention that the will resulted from undue influence or fraud exerted by petitioner.  Normile's testimony confirmed that decedent was fully aware of the content of the will and intended that his wife receive the inheritance from his mother's estate, and not his own sons.  The fact that petitioner did not recall during her deposition that she had provided drafting instructions to Normile does not undermine Normile's testimony.  Notwithstanding decedent's illness, both attesting witnesses confirmed that he was coherent and physically capable.  Accepting that petitioner was decedent's primary caregiver, this record does not show a confidential relationship between petitioner and decedent that would relieve respondent of his burden to demonstrate fraud or undue influence on her part (see Matter of Bonczyk v Williams, 119 AD3d 1124, 1125-1126 [2014]; Matter of Graeve, 113 AD3d 983, 984 [2014]).  Apart from the fact that petitioner gave Normile the drafting instructions, the only other factor that respondent points to as evidence of coercion is the fact that he was not named in the will.  Such proof is inadequate (see Matter of Stafford, 111 AD3d 1216, 1217 [2013], lv denied 23 NY3d 904 [2014]; Matter of Turner, 56 AD3d 863, 866 [2008]; Matter of

<u>Colverd</u>, 52 AD3d 971, 973 [2008]).  On this record, therefore, we conclude that Surrogate's Court properly granted petitioner's motion for summary judgment.

Peters, P.J., Lahtinen and McCarthy, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court