Matter of Ruhle (2019 NY Slip Op 04797)





Matter of Ruhle


2019 NY Slip Op 04797


Decided on June 13, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 13, 2019

526543

[*1]In the Matter of the Estate of MARION L. RUHLE, Deceased. LINDA KING, as Executor of the Estate of MARION L. RUHLE, Deceased, Respondent; JAMES RUHLE, Appellant.

Calendar Date: April 22, 2019

Before: Egan Jr., J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Carter, Conboy, Case, Blackmore, Maloney & Laird, PC, Albany (Jonathan E. Hansen of counsel), for appellant.
Timothy M. Bulger, Greenwich, for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeals (1) from an order of the Surrogate's Court of Saratoga County (Kupferman, S.), entered May 31, 2017, which denied respondent's motion to compel discovery, and (2) from an order of said court, entered January 28, 2018, which granted petitioner's motion for summary judgment dismissing the objections to decedent's will.
Petitioner was the niece of Marion L. Ruhle (hereinafter decedent) and helped to take care of decedent when decedent became ill in 2003. Petitioner assumed an active role in caring for decedent with her daily living and, with the help of petitioner's sister, she created and implemented a 24-hour home assisted living plan for decedent. Decedent lived on a farm that she owned with her sister as joint tenants with rights of survivorship. After decedent's sister died in 2009, decedent became the sole owner of the farm. Decedent died in June 2015 and, although she had executed a last will and testament in 1988, she executed a new one in 2009, which had revoked any prior wills. Under the 2009 will, petitioner was appointed as executor of decedent's estate and was also bequeathed decedent's interest in the farm.
In November 2015, petitioner commenced this proceeding seeking to admit the 2009 will to probate. Respondent, decedent's younger brother, requested a hearing to determine the validity of the 2009 will. Such hearing was held in October 2016 at which petitioner and the attorney who drafted the will, among others, testified. Respondent filed objections, contending, among other things, that the 2009 will was the product of undue influence. Respondent also moved to compel petitioner to submit to a further deposition. In a May 2017 order, Surrogate's Court denied respondent's request for a further deposition of petitioner and limited any additional discovery to a five-year period, which encompassed the three years prior to the date of the 2009 will to two years thereafter. Petitioner thereafter moved for summary judgment dismissing [*2]respondent's objections. In a January 2018 order, the court granted petitioner's motion, dismissed respondent's objections and allowed the 2009 will to proceed to probate. A decree was subsequently entered thereon. Respondent appeals from both the May 2017 and January 2018 orders.
Turning first to respondent's appeal from the January 2018 order, respondent contends that Surrogate's Court erred in granting petitioner's motion because a confidential relationship existed between petitioner and decedent and because petitioner exerted undue influence over decedent. Even if we agreed with respondent that a confidential relationship existed, the record fails to demonstrate undue influence by petitioner (see Matter of Vosilla, 121 AD3d 1489, 1493 [2014]; Matter of Stafford, 111 AD3d 1216, 1218-1219 [2013], lv denied 23 NY3d 904 [2014]; Matter of Friedman, 26 AD3d 723, 725-726 [2006], lv denied 7 NY3d 711 [2006]). Although petitioner contacted the attorney who had prepared the 1988 will to prepare the 2009 will, petitioner was not involved in its drafting nor was she in the room when it was executed by decedent (see Matter of Malone, 46 AD3d 975, 978 [2007]; compare Matter of Paigo, 53 AD3d 836, 840 [2008]). In an affidavit, the attorney attested that he prepared the 2009 will after discussing the matter with decedent, who provided him with any pertinent information for its preparation, and that decedent "was focused on and in complete understanding of what she wanted to do with her assets." The attorney, as well as the paralegal who witnessed the execution of the 2009 will, stated that decedent did not appear to be coerced into signing the 2009 will. Decedent's physician likewise stated in an affidavit that decedent always played an active role in determining her medical directives, that she was of sound mind and intelligence and that he had not observed any evidence that someone else was trying to influence decedent or make decisions for her.
Respondent also emphasizes that what petitioner was bequeathed in the 2009 will was valued more as compared to what she would have inherited under the 1988 will. The attorney who prepared the 2009 will, however, testified at the SCPA hearing that part of the consideration in creating the 2009 will was in recognition of the fact that petitioner assisted in the care of decedent. Furthermore, petitioner was decedent's niece and, therefore, this familial relationship counterbalances any presumptions arising from any claimed confidential relationship or the fact that petitioner was a beneficiary (see Matter of Prevratil, 121 AD3d 137, 143 [2014]). Inasmuch as the record evidence fails to disclose that petitioner exerted undue influence over decedent (see Lewis v DiMaggio, 151 AD3d 1296, 1300 [2017]; Matter of Greenwald, 47 AD3d 1036, 1037-1038 [2008]; Matter of Brower, 4 AD3d 586, 587 [2004]; compare Matter of Antoinette, 238 AD2d 762, 763-764 [1997]), Surrogate's Court did not err in granting petitioner's motion for summary judgment. Even if we credited respondent's specific claims of petitioner's questionable record keeping and evidence that decedent was dissatisfied with petitioner, "such circumstantial proof permits conflicting inferences, as a result of which a conclusion of undue influence cannot be made" (Matter of Stafford, 111 AD3d at 1219 [internal quotation marks and citation omitted]; see Matter of Prevratil, 121 AD3d at 144; Matter of Nofal, 35 AD3d 1132, 1135-1136 [2006]).
Respondent also argues that Surrogate's Court should not have considered petitioner's affidavit in granting the motion for summary judgment because it was barred by CPLR 4519. Upon reviewing the court's rationale in its decision, it does not appear that the court relied on petitioner's affidavit in its ultimate determination. To the extent that the court did so, any consideration of petitioner's affidavit was harmless (see Matter of Levinson, 11 AD3d 826, 828 [2004], lv denied 4 NY3d 704 [2005]).
Regarding the May 2017 order, the appeal from such order must be dismissed given that respondent's right to appeal therefrom terminated upon the entry of the January 2018 order granting petitioner's motion for summary judgment (see Burnell v Marine Midland Bank, 288 AD2d 784, 784 [2001]). Contrary to respondent's assertion, the May 2017 order is not reviewable in the context of his appeal from the January 2018 order because the May 2017 order does not necessarily affect the January 2018 order (see Matter of County of Nassau v State of New York, 100 AD3d 1052, 1056 [2012], lv dismissed 20 NY3d 1092 [2013]; Hirschfield v Hirschfield, 54 AD2d 656, 656 [1976]; Dulber v Dulber, 37 AD2d 566, 566 [1971], affd 29 NY2d 408 [1974]). Even if reviewable, Surrogate's Court did not abuse its discretion in denying [*3]a further deposition of petitioner and providing a time limit on any additional discovery (see Matter of Delisle, 149 AD2d 793, 794-795 [1989]).
Egan Jr., J.P., Mulvey, Devine and Rumsey, JJ., concur.
ORDERED that the appeal from the order entered May 31, 2017 is dismissed.
ORDERED that the order entered January 28, 2018 is affirmed, with costs.